**REESE LLP**
Michael R. Reese (Cal. State Bar No. 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272
Email:  *ggranade@reesellp.com*

*Counsel for Plaintiff*
(additional counsel on signature page)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS, | |
| Plaintiff, | |
| v. | Civil Action No.: 19-cv-7650 |
| PINTEREST, INC., | COMPLAINT AND JURY DEMAND |
| Defendant. | |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, HAROLD DAVIS ("Davis" or "Plaintiff"), brings this complaint in the United States District Court for the Northern District of California against PINTEREST, INC. ("Pinterest" or "Defendant"), alleging as follows:

PARTIES

1. Plaintiff is a renowned digital artist and award-winning professional photographer. Davis is also the author of many bestselling photography books including: *The Way of the Digital Photographer* (Peachpit Press, awarded as a Best Photography Book of the Year by Photo.net); *Achieving Your Potential As a Photographer: A Photographer's Creative Companion and Workbook* (Focal Press); and *Photographing Flowers* (Focal Press, rated the Best Guide to Flower Photography by Digital Photographer Magazine).

2. Plaintiff is a Moab Master printmaker and a Zeiss Lens Ambassador. Davis' photographs have been licensed by art publishers, corporations, and online and print publications throughout the world.

3. Plaintiff's work has been exhibited in venues worldwide including but not limited to: Photokina (Cologne, Germany); PhotoPlus Expo (New York, New York); Weston Gallery (Carmel, CA); the Gallery Photo in (Oakland, California); the Arts & Friends Gallery (Heidelberg, Germany); and the Awagami Gallery (Tokushima, Japan).

4. On information and belief, Pinterest is a Delaware corporation existing under the laws of the State of California, with headquarters in San Francisco, California. Pinterest is a social media web and mobile application company.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

7. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

8. This Court also has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Pinterest was founded in 2010. Pinterest reported revenue of $261,249,000 for fiscal year 2019. Pinterest claims more than 300 million active users worldwide. Pinterest trades on the New York Stock Exchange under the ticker symbol PINS. As of the date of this filing, Pinterest has a current market capitalization of $13.7 Billion.

10. The vast majority of Pinterest's revenue is derived from advertising. The company bills itself as a "visual discovery platform" which allows users to create thematic virtual "pinboards", or "boards", by "pinning" images to their boards. These images are to some extent captured personally by the individual Pinterest users, but are largely copied by Pinterest users from sources on the Internet. As a result of this collection and display of images, Pinterest offers "online marketing services to brands, which allows brands to connect with people on the basis of their shared tastes and interests"---in other words, to target the specific interests of users, such as a home decorating project. In addition, Pinterest's application serves to direct users to existing "pins" and "boards" the application's logic believes will interest the user based on searches and prior activities of the user, and sends frequent emails containing numerous previously "pinned" images to users to encourage them to visit the Pinterest website and application.

11. According to the 2018 Global Infringement Report from Copytrack, as many as 2.5 billion images are stolen per day on the web. More alarmingly, the report asserts 85% of the 3 billion

3

images shared daily on the internet are used without a valid license – with the creators and image agencies largely unaware that they have been used without permission.

12. Pinterest's platform was built on the idea of sharing and collecting digital objects. Pinterest Terms and Conditions of Service purportedly grants Pinterest and its users a "non-exclusive, royalty-free, transferable, sublicensable, worldwide license to use, store, display, reproduce, save, modify, create derivative works, perform, and distribute the user content on the platform."

13. Simply put, Pinterest provides a mechanism for people to violate the copyright rights of others. Pinterest encourages the wholesale, unauthorized copying of photographs when it states on its commercial website, www.pinterest.com: *Pinterest is a virtual pinboard. Pinterest allows you to organize and share all the beautiful things you find on the web. You can browse pinboards created by other people to discover new things and get inspiration from people who share your interests.*

14. Plaintiff captured the photograph, "Bounty of the Garden - Center" ("Copyrighted Photograph 1") on May 29, 2014. [Exhibit 1].

15. On or about September 1, 2014, Plaintiff posted Copyrighted Photograph 1 to www.flickr.com/photos/harold_davis/14352726082 (Last visited November 1, 2019). [Exhibit 2].

16. Plaintiff registered Copyrighted Photograph 1 with the United States Copyright Office on May 17, 2016 (Registration No.: VA 2-010-614).

17. Plaintiff captured the photograph, "Camellia japonica" ("Copyrighted Photograph 2") on January 9, 2011. [Exhibit 3].

18. On or about June 1, 2011, Plaintiff posted Copyrighted Photograph 2 to www.flickr.com/photos/harold_davis/5344964915 (Last visited November 1, 2019). [Exhibit 4].

19. Plaintiff registered Copyrighted Photograph 2 with the United States Copyright Office on May 17, 2016 (Registration No.: VA 2-007-152).

20. Plaintiff captured the photograph, "Poppies and Peonies" ("Copyrighted Photograph 3") on June 2, 2014. [Exhibit 5].

21. On or about November 1, 2015, Plaintiff posted Copyrighted Photograph 3 to www.flickr.com/photos/harold_davis/14152756340 (Last visited November 1, 2019). [Exhibit 6].

22. Plaintiff registered Copyrighted Photograph 3 with the United States Copyright Office on May 17, 2016 (Registration No.: VA 2-010-614).

23. Plaintiff captured the photograph, "Dragonfly Wing" ("Copyrighted Photograph 4") on May 28, 2011. [Exhibit 7].

24. On or about November 1, 2011, Plaintiff posted Copyrighted Photograph 4 to www.flickr.com/photos/harold_davis/5795540648 (Last visited November 1, 2019). [Exhibit 8].

25. Plaintiff registered Copyrighted Photograph 4 with the United States Copyright Office on May 17, 2016 (Registration No.: VA 2-007-152).

26. Plaintiff captured the photograph, "Iris Friends" ("Copyrighted Photograph 5") on April 5, 2014. [Exhibit 9].

27. On or about June 1, 2014, Plaintiff posted Copyrighted Photograph 5 to www.flickr.com/photos/harold_davis/13676505594 (Last visited November 1, 2019). [Exhibit 10].

28. Plaintiff registered Copyrighted Photograph 5 with the United States Copyright Office on May 17, 2016 (Registration No.: VA 2-010-614).

29. Plaintiff captured the photograph, "Tulips Are for Peeking" ("Copyrighted Photograph 6") on April 3, 2016. [Exhibit 11].

30. On or about August 1, 2016, Plaintiff posted Copyrighted Photograph 6 to www.flickr.com/photos/harold_davis/26003874840 (Last visited November 1, 2019). [Exhibit 12].

31. Plaintiff registered Copyrighted Photograph 6 with the United States Copyright Office on June 20, 2016 (Registration No.: VA 1-298-439).

32. Plaintiff captured the photograph, "Shell Essay 6" ("Copyrighted Photograph 7") on March 24, 2012. [Exhibit 13].

33. On or about May 1, 2012, Plaintiff posted Copyrighted Photograph 7 to www.flickr.com/photos/harold_davis/6868545932 (Last visited November 1, 2019). [Exhibit 14].

34. Plaintiff registered Copyrighted Photograph 7 with the United States Copyright Office on May 17, 2016 (Registration No.: VA 2-007-190).

35. Plaintiff captured the photograph, "Poppies" ("Copyrighted Photograph 8") on May 11, 2009. [Exhibit 15].

36. On or about July 1, 2009, Plaintiff posted Copyrighted Photograph 8 to www.flickr.com/photos/harold_davis/4332426417 (Last visited November 1, 2019). [Exhibit 16].

37. Plaintiff registered Copyrighted Photograph 8 with the United States Copyright Office on May 17, 2016 (Registration No.: VA 2-007-192).

38. Plaintiff captured the photograph, "Sunflowers and Friends" ("Copyrighted Photograph 9") on August 22, 2015. [Exhibit 17].

39. On or about November 1, 2015, Plaintiff posted Copyrighted Photograph 9 to www.flickr.com/photos/harold_davis/20695970680 (Last visited November 1, 2019). [Exhibit 18].

40. Plaintiff registered Copyrighted Photograph 9 with the United States Copyright Office on June 27, 2016 (Registration No.: VA 2-008-048).

41. Plaintiff captured the photograph, "Unbearable Lightness of Iris" ("Copyrighted Photograph 10") on July 3, 2008. [Exhibit 19].

42. On or about November 1, 2008, Plaintiff posted Copyrighted Photograph 10 to www.flickr.com/photos/harold_davis/2637145247 (Last visited November 1, 2019). [Exhibit 20].

43. Plaintiff registered Copyrighted Photograph 10 with the United States Copyright Office on May 18, 2016 (Registration No.: VA 2-007-196).

44. On October 1, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 1 via email ("Email 1") titled, "We found some fresh Pins for you". [Exhibit 21].

45. Email 1 includes an active link, www.pinterest.com/pin/375839531395224951/?utm_campaign=rtpinrecs&e_t=4b4c275840604059af3c1e06629135a&utm_content=375839 ("Link 1"), to a larger version of Copyrighted Photograph 1, as well as copies of additional photographs authored by and subject to copyright by Plaintiff. [Exhibit 22].

46. Copyrighted Photograph 1, as displayed on Email 1 and Link 1, included the following copyright information: "© Harold Davis." [Exhibit 21-22].

47. Link 1 contained an active "Save" button, which enabled any viewer of Link 1 to copy Copyrighted Photograph 1 to a Pinterest "board." [Exhibit 22].

48. The "Save" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 1. [Exhibit 22].

1    49. Link 1 contained an active "Send" button, which enabled any viewer of Link 1 to copy
2    Copyrighted Photograph 1 to a selection of social media platforms, including WhatsApp, Facebook,
3    Twitter, and Facebook Messenger. [Exhibit 23].

4    50. On September 30, 2019, Defendant copied, posted, and distributed Copyrighted Photograph
5    2 via email ("Email 2") titled, "Initial Research for Practical Photography, bloemen and 12 other
6    boards like yours". [Exhibit 24].

7    51. Email 2 includes an active link,
8    www.pinterest.com/kyra9518/harold_davis/?utm_campaign+rdboards&e_t=5840c247c48016b9fac0
9    db7a9f&utm_content+8372474556648 ("Link 2"), to a larger version of Copyrighted Photograph 2,
10   as well as copies of additional photographs authored by and subject to copyright by Plaintiff.
11   [Exhibit 25].

12   52. Copyrighted Photograph 2, as displayed on Email 2 and Link 2, included the following
13   copyright information: "Harold Davis." [Exhibit 24-25].

14   53. Link 2 contained an active "Save" button, which enabled any viewer of Link 2 to copy
15   Copyrighted Photograph 2 to a Pinterest "board." [Exhibit 26].

16   54. The "Save" button included an interface display including the following text: "Harold
17   Davis" immediately adjacent to Copyrighted Photograph 2. [Exhibit 26].

18   55. Link 2 contained an active "Send" button, which enabled any viewer of Link 2 to copy
19   Copyrighted Photograph 2 to a selection of social media platforms, including WhatsApp,
20   Facebook, Twitter, and Facebook Messenger. [Exhibit 26].

21   56. On October 6, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 3
22   via email ("Email 3") titled, "We picked these 14 Pins just for you". [Exhibit 27].

23   57. Email 3 includes an active link,
24   www.pinterest.com/pin/375839531395224944/?utm_campaign=rtpinrecs&e_t=633eb0ec49b747
25   909fedcd69efadc6a7&utm_content=37583953139 ("Link 3"), to a larger version of Copyrighted
26   Photograph 3, as well as copies of additional photographs authored by and subject to copyright
27   by Plaintiff. [Exhibit 28].

28   58. Copyrighted Photograph 3, as displayed on Email 3 and Link 3, included the following
     copyright information: "© Harold Davis." [Exhibit 27-28].

7

59. Link 3 contained an active "Save" button, which enabled any viewer of Link 3 to copy Copyrighted Photograph 3 to a Pinterest "board." [Exhibit 28].

60. The "Save" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 3. [Exhibit 28].

61. Link 3 contained an active "Share" button, which enabled any viewer of Link 3 to copy Copyrighted Photograph 3 to a selection of social media platforms, including WhatsApp, Facebook, Twitter, and Facebook Messenger. [Exhibit 29].

62. On October 15, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 4 via email ("Email 4") titled, "Beautiful Flowers, Dragonflies and 12 other boards like yours". [Exhibit 30].

63. Email 4 includes an active link, www.pinterest.com/glasswrght/dragonflies/?utm_campaign=rdboards&e_t=19b564fb519b46c851de77544ffdd48&utm_content=2140618572277 ("Link 4"), to a larger version of Copyrighted Photograph 4. [Exhibit 31].

64. Link 4 contained an active "Save" button, which enabled any viewer of Link 4 to copy Copyrighted Photograph 4 to a Pinterest "board." [Exhibit 31].

65. Link 4 contained an active "Send" button, which enabled any viewer of Link 4 to copy Copyrighted Photograph 4 to a selection of social media platforms, including WhatsApp, Facebook, Twitter, and Facebook Messenger. [Exhibit 32].

66. The "Send" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 4. [Exhibit 32].

67. On October 12, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 5 via email ("Email 5") titled, "Interested in Photography and Art? 14 ideas picked for you". [Exhibit 33].

68. Email 5 includes an active link, www.pinterest.com/com/pin/5656240334425223219/?utm_campaign=rtpinrecs&e_t=f79a000f0511446be3b0392caf97c17&utm_content=5652403442 ("Link 5"), to a larger version of Copyrighted Photograph 5, as well as copies of additional photographs authored by and subject to copyright by Plaintiff. [Exhibit 34].

69. Copyrighted Photograph 5, as displayed on Email 5 and Link 5, included the following copyright information: "© Harold Davis." [Exhibit 34].

70. Link 5 contained an active "Save" button, which enabled any viewer of Link 5 to copy Copyrighted Photograph 5 to a Pinterest "board." [Exhibit 34].

71. The "Send" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 5. [Exhibit 34].

72. Link 5 contained an active "Send" button, which enabled any viewer of Link 5 to copy Copyrighted Photograph 5 to a selection of social media platforms, including WhatsApp, Facebook, Twitter, and Facebook Messenger. [Exhibit 35].

73. The "Send" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 5. [Exhibit 35].

74. On October 15, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 6 via email ("Email 6") titled, "Interested in Photography and Art? 14 ideas picked for you". [Exhibit 36].

75. Email 6 includes an active link, www.pinterest.com/pin/546483736016067523/?utm_campaign=rtpinrecs&e_t=deb0006362fff45b99e1a09f5ef80d421&utm_content=54648373601 ("Link 6"), to a larger version of Copyrighted Photograph 6, as well as copies of additional photographs authored by and subject to copyright by Plaintiff. [Exhibit 37].

76. Copyrighted Photograph 6, as displayed on Email 6 and Link 6, included the following copyright information: "© Harold Davis." [Exhibit 36-37].

77. Link 6 contained an active "Save" button, which enabled any viewer of Link 6 to copy Copyrighted Photograph 6 to a Pinterest "board." [Exhibit 37].

78. The "Save" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 6. [Exhibit 37].

79. Link 6 contained an active "Send" button, which enabled any viewer of Link 6 to copy Copyrighted Photograph 6 to a selection of social media platforms, including WhatsApp, Facebook, Twitter, and Facebook Messenger. [Exhibit 38].

80. The "Send" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 6. [Exhibit 38].

81. On October 20, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 7 via email ("Email 1") titled, "bloemen and 12 other boards like yours". [Exhibit 39].

82. Email 7 includes an active link, www.pinterest.com/shirleylblundel/photography-and-digital-art/?utm_campaign=rdboards&e_t=3df066169d24e6b8f87bd4b9e141f5&utm_content ("Link 7"), to a larger version of Copyrighted Photograph 7 as well as copies of additional photographs authored by and subject to copyright by Plaintiff. [Exhibit 40].

83. Link 7 contained an active "Save" button, which enabled any viewer of Link 7 to copy Copyrighted Photograph 7 to a Pinterest "board." [Exhibit 41].

84. The "Save" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 7. [Exhibit 41].

85. Link 7 contained an active "Send" button, which enabled any viewer of Link 7 to copy Copyrighted Photograph 7 to a selection of social media platforms, including WhatsApp, Facebook, Twitter, and Facebook Messenger. [Exhibit 41].

86. The "Send" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 7. [Exhibit 41].

87. On October 17, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 8 via email ("Email 8") titled, "Flower Photography Tips, High Key photography and 12 other boards like yours." [Exhibit 42].

88. Email 8 includes an active link, www.pinterest.com/debbi2kuk/high-key-photography/?utm_campaign=rdboards&e_t=11c820541975419754836863919db2a5d9c53e&utm_content=11990 ("Link 8"), to a larger version of Copyrighted Photograph 8, as well as copies of additional photographs authored by and subject to copyright by Plaintiff. [Exhibit 43].

89. Link 8 contained an active "Save" button, which enabled any viewer of Link 8 to copy Copyrighted Photograph 8 to a Pinterest "board." [Exhibit 44].

90. Link 8 contained an active "Send" button, which enabled any viewer of Link 8 to copy Copyrighted Photograph 8 to a selection of social media platforms, including WhatsApp, Facebook, Twitter, and Facebook Messenger. [Exhibit 44].

91. On October 1, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 9 via email ("Email 9") titled, "We picked these 14 Pins just for you." [Exhibit 45].

92. Email 9 includes an active link, www.pinterest.com/pin/500603314810530727/?utm_campaign=rtpinrecs&e_t=4b4c275840604059baf3c1e06629135a&utm_content=500603314810 ("Link 9"), to a larger version of Copyrighted Photograph 9, as well as copies of additional photographs authored by and subject to copyright by Plaintiff. [Exhibit 46].

93. Copyrighted Photograph 9, as displayed on Email 9 and Link 9, included the following copyright information: "© Harold Davis." [Exhibit 45-46].

94. Link 9 contained an active "Save" button, which enabled any viewer of Link 9 to copy Copyrighted Photograph 9 to a Pinterest "board." [Exhibit 47].

95. The "Save" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 9. [Exhibit 47].

96. Link 9 contained an active "Send" button, which enabled any viewer of Link 9 to copy Copyrighted Photograph 9 to a selection of social media platforms, including WhatsApp, Facebook, Twitter, and Facebook Messenger. [Exhibit 47].

97. The "Send" button included an interface display including the following text: "© Harold Davis" immediately adjacent to Copyrighted Photograph 9. [Exhibit 47].

98. On September 30, 2019, Defendant copied, posted, and distributed Copyrighted Photograph 10 via email ("Email 10") titled, "Initial Research for Practical photography, bloemen and 12 other boards like yours." [Exhibit 48].

99. Email 10 includes an active link, www.pinterest.com/cukb/harold-davis/?utm_campaign=rdboars&e_t+5840c81335c247c48016b9fac0db7a9f&utm_content=30673749 ("Link 10"), to a larger version of Copyrighted Photograph 10, as well as copies of additional photographs authored by and subject to copyright by Plaintiff. [Exhibit 49].

100. Link 10 contained an active "Save" button, which enabled any viewer of Link 10 to copy Copyrighted Photograph 10 to a Pinterest "board." [Exhibit 50].

101. The "Save" button included an interface display including the following text: "by Harold Davis" immediately adjacent to Copyrighted Photograph 10. [Exhibit 50].

102. Link 10 contained an active "Send" button, which enabled any viewer of Link 10 to copy Copyrighted Photograph 10 to a selection of social media platforms, including WhatsApp, Facebook, Twitter, and Facebook Messenger. [Exhibit 50].

103. The "Send" button included an interface display including the following text: "by Harold Davis" immediately adjacent to Copyrighted Photograph 10. [Exhibit 50].

104. Pinterest does not qualify for protection from copyright infringement under the Digital Millennium Copyright Act ("DMCA") because Pinterest initiated the copying, posting, and distribution of Copyrighted Photographs 1-10 detailed above.

105. Pinterest does not qualify for protection from copyright infringement under DMCA because its copying, posting, and distribution of Copyrighted Photographs 1-10 was not at the direction of a person other than Pinterest, the purported "service provider."

106. Pinterest's copying, posting, and distribution of Copyrighted Photographs 1-10 have been without license or permission of Plaintiff.

## COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

107. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

108. Plaintiff is, and at all relevant times has been, the sole copyright owner of Copyrighted Photographs 1-10 ("Copyrighted Photographs"), which are the subject of a valid and complete Certificates of Copyright Registration by the Register of Copyrights.

109. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photographs to the public.

110. Plaintiff is informed and believes Defendant, without the permission or consent of Plaintiff, copied, posted, and distributed Copyrighted Photographs to third party users of Pinterest. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

111. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

112. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photographs.

## COUNT II: CONTRIBUTORY INFRINGEMENT

113. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly made available Copyrighted Photographs to Pinterest users.

114. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, had knowledge or reason to know of such contributory infringement.

115. As a result of Defendants' actions, Plaintiff is entitled to actual damages, statutory damages, or such other and further relief as is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photographs without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: November 20, 2019              **REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese (Cal. State Bar No. 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272
Email:  *ggranade@reesellp.com*


- and –

**THE LAW OFFICE OF DAVID C. DEAL, P.L.C.**
David C. Deal (VA Bar No.: 86005)
P.O. Box 1042
Crozet, Virginia 22932
Telephone: (434) 233-2727

*Counsel for Plaintiff*