DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com

Attorneys for Defendant
PINTEREST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HAROLD DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>PINTEREST, INC.,<br><br>    Defendant. | CASE NO.: 4:19-cv-07650-HSG<br><br>**DEFENDANT PINTEREST, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**<br><br>DATE: March 26, 2020<br>TIME: 2:00 p.m.<br>DEPT: Courtroom 2, 4th Floor<br>JUDGE: Honorable Haywood S. Gilliam, Jr.<br><br>Complaint Filed: November 20, 2019 |

## Table of Contents

**Pages**

NOTICE OF MOTION AND MOTION ................................................................................ 1

STATEMENT OF REQUESTED RELIEF ......................................................................... 1

STATEMENT OF ISSUE TO BE DECIDED .................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

I.     INTRODUCTION .................................................................................................... 1

II.    BACKGROUND ...................................................................................................... 2

III.   ARGUMENT ........................................................................................................... 5

     A.    Legal Standard ............................................................................................ 5

     B.    Plaintiff Does Not Allege a Plausible Contributory Copyright Infringement Claim. ........................................................................................ 5

          1.    Plaintiff Fails to Plead Direct Infringement of His Photographs by Any Third Party ................................................................................ 6

          2.    Plaintiff Fails to Plead that Pinterest Had Actual Knowledge of Third-Party Direct Infringement of His Photographs. ............................. 7

IV.   CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITES

**Pages**

### CASES

*A&M Records, Inc.* v. *Napster, Inc.*,
 239 F.3d 1004 (9th Cir. 2001)................................................................................................6, 7

*Ashcroft* v. *Iqbal*,
 556 U.S. 662 (2009) .................................................................................................................5, 8

*Backus* v. *Biscomerica Corp.*,
 378 F. Supp. 3d 849 (N.D. Cal. 2019) ........................................................................................5

*Bell Atl. Corp.* v. *Twombly*,
 550 U.S. 544 (2007) ................................................................................................................5, 8

*eAdGear, Inc.* v. *Liu*,
 No. 11-CV-05398-RMW, 2012 WL 4005454 (N.D. Cal. Sept. 11, 2012) ............................4

*eAdGear, Inc.* v. *Liu*,
 No. 11-CV-05398-JCS, 2012 WL 2367805 (N.D. Cal. June 21, 2012) ................................4

*Epikhin* v. *Game Insight N. Am.*,
 No. 14-CV-04383-LHK, 2015 WL 2412357 (N.D. Cal. May 20, 2015)..........................6, 8

*Hayes* v. *Keys*,
 No. 14-CV-6246-PA, 2015 U.S. Dist. LEXIS 2860 (C.D. Cal. Jan. 7, 2015) .......................6

*In re Gilead Scis. Secs. Litig.*,
 536 F.3d 1049 (9th Cir. 2008)....................................................................................................5

*Klauber Bros., Inc.* v. *H & M Hennes & Mauritz LP*,
 No. 18-CV-03507-MWF, 2018 U.S. Dist. LEXIS 223308
 (C.D. Cal. Dec. 11, 2018)...........................................................................................................6

*Knievel* v. *ESPN*,
 393 F.3d 1068 (9th Cir. 2005)....................................................................................................3

*Luvdatrs, LLC* v. *AT&T Mobility, LLC*,
 710 F.3d 1068 (9th Cir. 2013).............................................................................................2, 7, 8

*Muench Photography, Inc.* v. *Pearson Educ., Inc.*,
 No. 13-CV-03937-WHO, 2013 WL 6172953 (N.D. Ca. Nov. 25, 2013)..............................8

*Opperman* v. *Path, Inc.*,
 205 F. Supp. 3d 1064 (N.D. Cal. 2016) .....................................................................................3

*Perfect 10, Inc.* v. *Amazon.com, Inc.*,
 508 F.3d 1146 (9th Cir. 2007)....................................................................................................6

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2016) ................................................................................................5, 7

*Perfect 10, Inc.* v. *Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ......................................................................................................5

*Pinterest Inc.* v. *Pintrips Inc.*,
    15 F. Supp. 3d 992 (N.D. Cal. 2014) ....................................................................................1, 3

*Pinterest, Inc.* v. *Jin*,
    No. C 12–04586 RS, 2013 WL 5460821 (N.D. Cal. Sept. 30, 2013) ......................................1

*Tarantino* v. *Gawker Media, LLC*,
    No. 14-CV-00603-JFW, 2014 U.S. Dist. LEXIS 77726
    (C.D. Cal. Apr. 22, 2014) ..........................................................................................................6

*UAB* "*Planner5D*" v. *Facebook, Inc.*,
    No. 19-CV-03132-WHO, 2019 WL 6219223,
    (N.D. Cal. Nov. 21, 2019) .........................................................................................................3

*Zagorsky-Beaudoin* v. *Rhino Entm't Co.*,
    No. 18-CV-03031-PHX-JAT, 2019 WL 4259788 (D. Ariz. Sept. 9, 2019) ..........................8

**STATUTES**

17 U.S.C. § 512 ...........................................................................................................1, 2, 3, 4

**RULES**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................................5

Fed. R. Civ. P.  12(b)(6) ...............................................................................................................1, 5

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on March 26, 2020 at 2:00 p.m. in Courtroom 2, 4th Floor, United States District Courthouse, 1301 Clay Street, Oakland, California, before the Honorable Haywood S. Gilliam, Jr., Defendant Pinterest, Inc. ("Pinterest") will and hereby does move to dismiss the cause of action for contributory copyright infringement (Count II) in Plaintiff Harold Davis's Complaint.

## STATEMENT OF REQUESTED RELIEF

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Pinterest requests that the Court dismiss Count II of the Complaint.

## STATEMENT OF ISSUE TO BE DECIDED

Whether Count II of the Complaint should be dismissed for failure to state a claim for contributory copyright infringement in light of Plaintiff's failure to specify any third-party direct infringement for which Pinterest may be held contributorily liable and/or failure to plead facts demonstrating that Pinterest had actual knowledge of any such specific direct infringement.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Pinterest is an online service that allows users to create their own online boards. Users may then save images to these boards and share their boards with others. By enabling users to post, share, and browse content, Pinterest provides a way for people to express themselves, discover new things, and engage with the people who create them.[1] Pinterest provides its users—including countless photographers and other visual artists—a platform on which to search and find content for inspiration, as well as to promote and market their work. From its inception in 2010, in accordance with the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Pinterest has employed robust processes for removing content from its service that content owners believe infringe their copyrights.

---

[1] This Court has explained the basic operation of the Pinterest service in two cases. *See Pinterest, Inc.* v. *Jin*, No. C 12–04586 RS, 2013 WL 5460821, at *1 (N.D. Cal. Sept. 30, 2013); *Pinterest Inc.* v. *Pintrips Inc.*, 15 F. Supp. 3d 992, 994-95 (N.D. Cal. 2014).

1  Plaintiff Harold Davis is a photographer. He alleges in his Complaint that some of his
2 photographs are accessible through the Pinterest service, but he has not asked Pinterest to remove
3 those photos pursuant to the DMCA or otherwise. Instead, Plaintiff complains that Pinterest, in
4 the ordinary operation of its service, "copied, posted, and distributed" ten of his images in email
5 alerts to unspecified users. Notably, the only emails the Complaint actually references appear to
6 have been sent to the Pinterest accounts maintained by Plaintiff and his wife, a fact the Complaint
7 attempts to hide through redactions. In any event, based on the receipt of the emails, Plaintiff
8 contends that Pinterest is liable for direct and contributory copyright infringement.

9  Plaintiff is wrong for a host of reasons. Because the deficiencies in his direct-infringement
10 claim require resort to facts that while undisputable, go beyond those referenced in the barebones
11 Complaint, that claim is not challenged in this pleading-based motion. But two fatal flaws with
12 Plaintiff's contributory infringement claim are manifest from the face of the Complaint. *First*, a
13 plaintiff asserting contributory infringement must identify third-party acts of direct infringement
14 for which the defendant supposedly bears responsibility. Plaintiff has failed to do so here.
15 Nowhere does the Complaint identify, much less plead with factual allegations, the supposed
16 predicate direct infringements of the ten photographs for which he believes Pinterest should be
17 secondarily liable. *Second*, a party asserting a contributory infringement claim must plead facts
18 establishing the defendant's "actual knowledge of specific acts of infringement." *Luvdatrs, LLC*
19 v. *AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). Here, the Complaint offers nothing
20 of the sort: there is not a single fact alleged that suggests, much less makes plausible, that Pinterest
21 has specific knowledge that any of the ten photographs at issue in this case were infringing
22 Plaintiff's copyrights. Plaintiff's gesture toward the knowledge requirement is a single, threadbare
23 sentence that merely recites this element of the claim without any elaboration. That is not enough.
24 Plaintiff's contributory infringement claim should be dismissed.

25 **II.    BACKGROUND**

26  Pinterest is a publicly traded online service, which allows its users to upload digital images
27 (called "pins") to virtual bulletin boards and share those pins with others around the world for
28 inspiration, for comment, for self-expression, or for marketing purposes. Compl. ¶¶ 9, 10, 13; *see*

*also Pintrips*, 15 F. Supp. 3d at 994-95.  Pinterest routinely receives acclaim from photographers for the powerful promotional outlet it provides for their work.  *See, e.g.*, Kramer Decl. Ex. 3 at 2 ("If you are a photographer who is ignoring Pinterest, then you are missing out on what may be the best marketing opportunity on the internet for you."); *id.* Ex. 4 at 1-2 ("Pinterest has the potential to be an excellent resource for creative business owners who are looking to drive awareness, traffic, and sales or bookings on their websites.").[2]

Pinterest recognizes that users may sometimes share images through the service contrary to the wishes of copyright holders.  It offers copyright holders various ways to address that situation.  In particular, in accordance with the DMCA, Pinterest's Terms of Service include a detailed Copyright Policy that explains how a copyright holder may secure the removal of unauthorized images from the service.[3]  Pinterest provides step-by-step instructions on submitting a notice of alleged copyright infringement to Pinterest's designated DMCA agent, and also offers an online form to facilitate the process.  *See* Kramer Decl. Ex. 2 at 1-2.  Thus, any rights owner whose content is uploaded to Pinterest against his or her wishes has an easy solution.

Plaintiff Harold Davis is a photographer who alleges that he posted certain of his photographs to an online photo-sharing service called Flickr.  Compl. ¶¶ 15, 18, 21, 24, 27, 30, 33, 36, 39, 42.  He contends that ten of those photographs are also accessible through Pinterest.  *Id.* ¶¶

---

[2] Given the spartan nature of the Complaint, these articles are referenced only as background, not as evidence, and the Court may judicially notice their existence.  *See Opperman* v. *Path, Inc.*, 205 F. Supp. 3d 1064, 1070 n.5 (N.D. Cal. 2016) ("The Court 'may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'") (citation omitted); *see also* Def. Pinterest, Inc.'s Req. Judicial Notice & Incorporation by Reference (filed concurrently).

[3] Plaintiff references Pinterest's website and specifically Pinterest's Terms and Conditions of Service in the Complaint.  *See* Compl. ¶¶ 12-13.  The contents of those webpages are readily verifiable and not subject to dispute.  Accordingly, it is proper for the Court to consider those materials under the incorporation-by-reference doctrine.  *See Knievel* v. *ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (admitting contents of website on motion to dismiss under incorporation-by-reference doctrine where plaintiffs did not dispute the authenticity of incorporated material); *UAB "Planner5D"* v. *Facebook, Inc.*, No. 19-CV-03132-WHO, 2019 WL 6219223, at *2 n.1 (N.D. Cal. Nov. 21, 2019) (considering contents of website under incorporation-by-reference doctrine where plaintiff "repeatedly refer[red] to website and include[d] . . . web address in the Complaint"); *see also* Def. Pinterest, Inc.'s Req. Judicial Notice & Incorporation by Reference (filed concurrently).

45, 51, 57, 63, 68, 75, 82, 88, 92, 99.  He does not suggest that Pinterest itself decided to copy the photographs from Flickr.  Nor does Plaintiff plead that he sent any kind of notice to Pinterest (and certainly not a DMCA notice) requesting removal of those images—or even that he wants those photographs removed from Pinterest's service.  Instead, Plaintiff's sole complaint seems to be that Pinterest allegedly sent algorithmically generated emails containing the ten photographs to an unidentified Pinterest user to encourage use of the service.  *See id.* Exs. 21, 24, 27, 30, 33, 36, 39, 42, 45, 48; *see also id.* ¶ 10.  In the copies of those emails that are attached to the Complaint, Plaintiff inexplicably redacted out the email address of the Pinterest user to whom they were sent.  *Id.*  After repeated inquiry, Plaintiff's counsel confirmed that the emails at issue were actually sent to Mr. Davis himself, and to his wife, in connection with their personal use of the Pinterest service.

In Plaintiff's view, by virtue of transmitting these emails to him and his wife, Pinterest "copied, posted, and distributed" Mr. Davis' ten copyrighted images without his authorization.  Compl. ¶ 110.  That, according to Plaintiff, constitutes direct infringement of his copyrights, rendering Pinterest liable for actual or statutory damages.  *Id.* ¶¶ 107-112.[4]  In three conclusory sentences, Plaintiff also accuses Pinterest of contributory copyright infringement, alleging on information and belief that Pinterest "made available" his photos to Pinterest users, and "had knowledge or reason to know of such contributory infringement."  *Id.* ¶¶ 113-14.

---

[4] While outside the pleadings, Plaintiff's claim of direct infringement is based on a mistaken premise: Plaintiff's photos are not actually copied or distributed via the emails.  Rather, the emails simply contain framed hyperlinks to the images as they exist on the Internet.  Distribution of mere links in this fashion is not actionable as copyright infringement.  *See eAdGear, Inc.* v. *Liu*, No. 11-CV-05398-JCS, 2012 WL 2367805, at *12 (N.D. Cal. June 21, 2012) *report and recommendation adopted by eAdGear, Inc.* v. *Liu*, No. 11-CV-05398-RMW, 2012 WL 4005454 (N.D. Cal. Sept. 11, 2012) ("[H]yperlinking alone does not constitute copyright infringement, since it does not involve any actual copying.") (collecting cases).  In addition, both the DMCA and the fair-use doctrine shield Pinterest from liability.

## III. ARGUMENT

Plaintiff's contributory infringement claim (Count II) should be dismissed under Rule 12(b)(6).

### A. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Moreover, "[c]ourts do not 'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Backus* v. *Biscomerica Corp.*, 378 F. Supp. 3d 849, 853 (N.D. Cal. 2019) (quoting *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)); *Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). Rather than a "formulaic recitation" of the elements of a claim, a plaintiff must assert "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678-79. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Plaintiff Does Not Allege a Plausible Contributory Copyright Infringement Claim.

A plaintiff asserting a claim for contributory copyright infringement must allege (1) direct infringement by a third party; (2) the defendant's knowledge of that third party's direct infringement; and (3) that the defendant "either (a) materially contribute[d] to or (b) induce[d] that infringement." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2016) (quoting *Perfect 10, Inc.* v. *Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794-95 (9th Cir. 2007)). Plaintiff does not

come close to pleading a viable claim.

### 1. Plaintiff Fails to Plead Direct Infringement of His Photographs by Any Third Party

"Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *A&M Records, Inc.* v. *Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001). Before a court can even consider whether a defendant is contributorily liable for another's infringement, a plaintiff must establish that there has been direct infringement by third parties in the first place. *See Perfect 10, Inc.* v. *Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007). This, according to the Ninth Circuit, is a "threshold requirement." *Id.*

To state a contributory-infringement claim here, Plaintiff must allege facts sufficient to show that some third party (or parties) in fact directly infringed the ten copyrighted photographs at issue. But the Complaint does not offer any such allegations. Nowhere does Plaintiff identify any third-party user whom he contends violated any of his exclusive rights under the Copyright Act. All the Complaint alleges, in the most conclusory fashion possible, is that "Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly made [his photographs] available to Pinterest Users." Compl. ¶ 113. That single sentence does not remotely identify the necessary direct infringements of his copyrighted photos by others. Plaintiff does not even *speculate* that some direct infringement must have taken place, though that would plainly be insufficient. *See, e.g.*, *Epikhin* v. *Game Insight N. Am.*, No. 14-CV-04383-LHK, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015) (dismissing contributory-infringement claim because "Plaintiffs d[id] not even identify the alleged third party infringers"); *see also Klauber Bros., Inc.* v. *H & M Hennes & Mauritz LP*, No. 18-CV-03507-MWF (SSx), 2018 U.S. Dist. LEXIS 223308, at *18 (C.D. Cal. Dec. 11, 2018) (dismissing contributory-infringement claim for failure to allege direct third-party infringement); *Hayes* v. *Keys*, No. 14-CV-6246-PA, 2015 U.S. Dist. LEXIS 2860, at *9 (C.D. Cal. Jan. 7, 2015) (same); *Tarantino* v. *Gawker Media, LLC*, No. 14-CV-00603-JFW (FFMx), 2014 U.S. Dist. LEXIS 77726, at *10-11 (C.D. Cal. Apr. 22, 2014) (same where plaintiff "merely speculate[d] that some direct infringement must have taken place" but failed to allege "the identity of a single third-party infringer, the date, the time, or the details

of a single instance of third-party infringement") (collecting cases).

Plaintiff has failed to meet the threshold requirement of identifying a third-party direct infringement for which Pinterest may be held contributorily liable. The Court can dismiss the contributory-infringement claim on that basis alone.

### 2. Plaintiff Fails to Plead that Pinterest Had Actual Knowledge of Third-Party Direct Infringement of His Photographs.

Plaintiff's contributory infringement claim fails for another reason. To state a claim for contributory infringement, a plaintiff must allege that the defendant had actual knowledge of the underlying third-party direct infringement. *Giganews*, 847 F. 3d at 670. To satisfy this requirement, the plaintiff must allege more than the defendant's "generalized knowledge . . . of the possibility of infringement." *Luvdatrs*, 710 F.3d at 1072. Instead, as the Ninth Circuit has repeatedly held, contributory infringement requires a plaintiff plead and prove that the defendant had "*actual* knowledge of *specific* acts of infringement." *Id.* (emphases added) (citation omitted); *see also Napster, Inc.*, 239 F.3d at 1021 ("[A]bsent any specific information which identifies infringing activity, a computer system operator cannot be liable for contributory infringement merely because the structure of the system allows for the exchange of copyrighted material.") (citation omitted).

The Complaint here is almost completely silent on this central element of a contributory-infringement claim. Plaintiff does not offer a single factual allegation to suggest that Pinterest had any awareness, much less the specific knowledge required by Ninth Circuit law, that the images at issue were infringing. That is not a surprise. Given that Plaintiff failed to allege an underlying act of direct infringement by a third party, Plaintiff could not have pled that Pinterest had actual knowledge of any such act. Instead, all that Plaintiff actually alleges is that on information and belief, Pinterest "had knowledge or reason to know of such contributory infringement." Compl. ¶¶ 113-14. That is doubly deficient. In the first place, it is doctrinally inscrutable. A contributory infringer must be charged with knowledge of underlying *direct* infringement. Here, Plaintiff contends Pinterest knew of "*such contributory infringement*." Whatever Plaintiff means by that, it falls short of what is required to state a claim.

-7-

In any event, Plaintiff's "naked assertion" of knowledge, devoid of "further factual enhancement," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), is insufficient to state a claim. In *Luvdatrs*, the Ninth Circuit expressly affirmed dismissal of a similar contributory-infringement claim, in which the plaintiff made "conclusory allegations" that defendant "had the required knowledge of infringement." 710 F.3d at 1072. District Courts within this Circuit have likewise regularly dismissed contributory-infringement claims when confronted with similarly deficient allegations of actual knowledge. *See, e.g.*, *Epikhin*, 2015 WL 2412357, at *4 (dismissing claim where plaintiff failed to plead "any facts in support of the threadbare assertion that [defendant] had knowledge of the infringing acts relating to plaintiff's copyrighted works"); *Muench Photography, Inc.* v. *Pearson Educ., Inc.*, No. 13-CV-03937-WHO, 2013 WL 6172953, at *6 (N.D. Ca. Nov. 25, 2013) (same where plaintiff "relie[d] on 'information and belief' allegations regarding [defendant's] knowledge"); *Zagorsky-Beaudoin* v. *Rhino Entm't Co.*, No. 18-CV-03031-PHX-JAT, 2019 WL 4259788, at *9 (D. Ariz. Sept. 9, 2019) (same where plaintiff pleaded "no facts that [defendant] knew of any direct infringement of her alleged copyright"). Thus, even if Plaintiff had actually recited the proper standard for a contributory-infringement claim, the absence of any factual allegations plausibly supporting the conclusion that Pinterest had specific knowledge of the infringement of Plaintiff's works by a third party would require dismissal of the claim.

## IV.   CONCLUSION

For these reasons, Pinterest respectfully requests that the Court dismiss Plaintiff's claim for contributory copyright infringement (Count II).

Respectfully submitted,

Dated: February 19, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
David H. Kramer
dkramer@wsgr.com

*Attorneys for Defendant*
PINTEREST, INC.

-8-