UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>       Plaintiff,<br><br>v.<br><br>PINTEREST, INC.,<br><br>       Defendant. | Case No. 19-cv-07650-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Pending before the Court is Defendant Pinterest, Inc.'s motion to dismiss Count II of Plaintiff Harold Davis's first amended complaint. *See* Dkt. No. 27. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to dismiss with leave to amend.

### I. BACKGROUND

#### A. Factual Background

Plaintiff is a digital artist and professional photographer. *See* Dkt. No. 23 ("FAC") at ¶ 1. Defendant is an online platform that allows users to create their own virtual "pinboards" or "boards," by "pinning" images to their boards. *See id.* at ¶ 14. These images may be captured by Defendant's users, or may be copied from other sources on the internet. *See id.* Once copied and displayed on Pinterest, Defendant allows users to copy, post, download, crop, alter, and share these images. *See, e.g.*, *id.* at ¶¶ 309–315. 329. According to Plaintiff, Defendant "employs no system of screening for copyrighted images, copyright notices, or other indicia of copyright for images upload by Pinterest users, or saved by Pinterest users to Pinterest Boards." *See id.* at ¶ 25. As such, Plaintiff alleges that Defendant "provides a mechanism for people to easily and swiftly

violate the intellectual property rights of others," including photographers like Plaintiff. *See id.* at ¶ 17.

Plaintiff alleges that Defendant "copied, posted, and distributed" several of Plaintiff's copyrighted photographs. *See id.* at ¶¶ 27–306. Plaintiff alleges that Defendant's display of these photographs included his name, and in many cases a copyright notice. *See, e.g.*, *id.* at ¶¶ 153–306. Based on these facts, Plaintiff filed a complaint for both direct and contributory copyright infringement. *See id.* at ¶¶ 323–332.

### B. Procedural History

Plaintiff filed his initial complaint on November 20, 2019. *See* Dkt. No. 1. Defendant subsequently moved to dismiss Plaintiff's contributory infringement claim . *See* Dkt. No. 17. Rather than file an opposition or statement of non-opposition to the motion, *see* Civil L.R. 7-3(b), Plaintiff filed the operative amended complaint on March 11, 2020. *See* FAC. Plaintiff's substantive allegations remain largely the same as those in his initial complaint, though the FAC includes 31 additional copyrighted photographs that Defendant allegedly infringed. *Compare* Dkt. No. 1 at ¶¶ 9–115 *with* FAC at ¶¶ 9–332. Defendant again moves to dismiss the contributory infringement claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the

1  complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
2  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,
3  courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of
4  fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
5  2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**III.   DISCUSSION**

    **A.   Motion to Dismiss**

Defendant filed the pending motion to dismiss on April 10, 2020.  *See* Dkt. No 27.  Plaintiff subsequently filed his response, styled as a "Response to Defendant's Partial Motion to Dismiss and Request for Leave to Amend."  *See* Dkt. No. 36.  The response itself is only a page and a half long and does not address the substance of Defendant's motion to dismiss.  *See id*.  Indeed, Plaintiff describes the "statement of issue to be decided" in the response as whether he should be granted leave to amend due to newly discovered facts.  *See id.* at 2.  The Court interprets Plaintiff's failure to oppose the motion, and request for leave to amend, as an acknowledgement that his contributory infringement claim should be dismissed.

The Court also finds that dismissal is warranted based on the substance of Plaintiff's complaint.  To establish a claim for contributory copyright infringement, Plaintiff "must establish that there has been direct infringement by third parties."  *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007).  Once this threshold issue has been established, Plaintiff must further allege that Defendant "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement."  *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2007) (quotation omitted).  Material contribution "[i]n the online context" requires the defendant to have "actual knowledge that specific infringing material is available using its system, and . . . simple measures [would] prevent further damage to copyrighted works, yet [the defendant] continues to provide access to infringing works." *Id.* at 671 (quotation omitted).  And inducement requires the defendant to "distribute[] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement."  *See id.* at 672.

3

1    Here, Plaintiff alleges that copyright infringement is rampant on the internet and that
2 Defendant's platform "provides a mechanism for people to easily and swiftly violate the
3 intellectual property rights of others . . . ." *See* FAC at ¶¶ 14–17, 329.  This "mechanism" includes
4 allowing users to "copy, post, download, crop, alter, and share" copyrighted material.  *See id.* at
5 ¶ 329.  Plaintiff further alleges that Defendant does not screen for copyright images and "openly
6 encourages users to violate the copyrights of others." *See id*. at ¶¶ 25–26.  Yet critically, Plaintiff
7 does not allege facts detailing direct infringement by a third party.  Plaintiff only alleges that
8 *Defendant* has infringed Plaintiff's copyrights.  *See, e.g.*, *id.* at ¶¶ 329–331.  Plaintiff likewise has
9 not alleged that Defendant had actual knowledge of specific third-party infringement; what
10 "simple measures" Defendant should have taken to prevent such infringement; or what "clear
11 expression or other affirmative steps" Defendant has taken to induce or foster infringement.  *See*
12 *Giganews*, 847 F.3d at 671–72.  The Court therefore **GRANTS** Defendant's motion to dismiss
13 Count II of Plaintiff's amended complaint.
14    **B.    Leave to Amend**
15    In response to Defendant's motion, Plaintiff seeks leave to amend based on "recently
16 learned new facts."  *See* Dkt. No. 36 at 2.  Plaintiff urges that granting leave to amend would allow
17 him to buttress his claim for contributory infringement and address Defendant's legal arguments.
18 *See id.* at 3.  Defendant, in response, contends that Plaintiff's request is procedurally deficient
19 because Plaintiff neither explains the new facts nor attaches the proposed amendment to his
20 response.  *See* Dkt. No. 38 at 2 (citing Civil L.R. 10-1).  The Court understands Defendant's
21 concern that Plaintiff has had an opportunity to amend before and his complaint remains deficient.
22 Nevertheless, there is a presumption under Federal Rule of Civil Procedure 15 that "[t]he court
23 should freely give leave [to amend] when justice so requires."  *See* Fed. R. Civ. P. 15.  The Ninth
24 Circuit has emphasized that "[t]his policy is to be applied with extreme liberality."  *See Eminence*
25 *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  The Court
26 cannot say at this stage that amendment would be futile.  And because a case schedule has not yet
27 been set, the Court cannot say that Defendant would be prejudiced by granting leave to amend.
28 The Court therefore exercises its discretion and **GRANTS** Plaintiff's request for leave to amend.

4

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Count II of Plaintiff's amended complaint with leave to amend. Plaintiff shall file an amended complaint by no later than August 14, 2020, if he can do so consistent with his Rule 11 obligations. Plaintiff may not add any additional defendants or new claims. The Court further **SETS** a telephonic case management conference for August 25, 2020, at 2:00 p.m. The parties shall file a joint case management statements by August 18, 2020.

All counsel as well as members of the public and press may use the following dial-in information below to access the conference line:

**Dial In:** 888-808-6929

**Access Code:** 6064255

**IT IS SO ORDERED.**

Dated: 7/22/2020

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge