1   DAVID H. KRAMER, State Bar No. 168452
    **WILSON SONSINI GOODRICH & ROSATI**
2   **Professional Corporation**
    650 Page Mill Road
3   Palo Alto, CA 94304-1050
    Telephone:   (650) 493-9300
4   Facsimile:   (650) 565-5100
    Email:       dkramer@wsgr.com
5
    *Attorneys for Defendant*
6   *Pinterest, Inc.*

7   MICHAEL R. REESE, State Bar No. 206773
    SUE J. NAM, State Bar No. 206729
8   **REESE LLP**
    100 West 93rd Street, 16th Floor
9   New York, New York 10025
    Telephone: (212) 643-0500
10  Facsimile: (212) 253-4272
    Email:   *mreese@reesellp.com*
11           *snam@reesellp.com*

12  *Counsel for Plaintiff Harold Davis*

13                  UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                        OAKLAND DIVISION

16  HAROLD DAVIS,                          Case No.: 4:19-cv-07650-HSG

17              Plaintiff,
                                           **STIPULATED PROTECTIVE ORDER**
18        v.                               **FOR LITIGATION INVOLVING**
                                           **PATENTS, HIGHLY SENSITIVE**
19  PINTEREST, INC.,                       **CONFIDENTIAL INFORMATION**
                                           **AND/OR TRADE SECRETS**
20              Defendant.

21

22

23

24

25

26

27

28

---

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel or a Party itself.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this action.

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's

1    competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party

2    or of a Party's competitor.

3        2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

4    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

5        2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

6    **3.    SCOPE**

7        The protections conferred by this Stipulation and Order cover not only Protected Material

8    (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

9    all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

10   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

11   However, the protections conferred by this Stipulation and Order do not cover the following

12   information: (a) any information that is in the public domain at the time of disclosure to a

13   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

14   result of publication not involving a violation of this Order, including becoming part of the public

15   record through trial or otherwise; and (b) any information known to the Receiving Party prior to

16   the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

17   the information lawfully and under no obligation of confidentiality to the Designating Party. Any

18   use of Protected Material at trial shall be governed by a separate agreement or order.

19   **4.    DURATION**

20       Even after final disposition of this litigation, the confidentiality obligations imposed by

21   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court

22   order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

23   claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment

24   herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

25   this action, including the time limits for filing any motions or applications for extension of time

26   pursuant to applicable law.

27

28

**5.**      **DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party

must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings,

that the Designating Party when practical identify on the record, before the close of the deposition,

hearing, or other proceeding, all protected testimony and specify the level of protection being

asserted. When it is impractical to identify separately each portion of testimony that is entitled to

protection and it appears that substantial portions of the testimony may qualify for protection, the

Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is

concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

which protection is sought and to specify the level of protection being asserted. Only those

portions of the testimony that are appropriately designated for protection within the 21 days shall

be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY".

Parties shall give the other Parties reasonable notice (a minimum of two business days) if

they reasonably expect a deposition, hearing or other proceeding to include Protected Material so

that the other Parties can ensure that only authorized individuals who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material and

the level of protection being asserted by the Designating Party. The Designating Party shall inform

the court reporter of these requirements. Any transcript that is prepared before the expiration of a

21-day period for designation shall be treated during that period as if it had been designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

           (c)     <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to

explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly
(continued...)

terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

---

seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information; and

(h)     during any mock trial or mock evidentiary presentation, mock jurors to whom disclosure is reasonably necessary for trial preparation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d)     the Court and its personnel;

(e)     stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably

necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.[2]

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party[3] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[4] and

---

[2] The Parties agree to try to use this provision of the Northern District of California model order, instead of the alternative provided it does not become too burdensome.  The Parties reserve the right to seek amendment by the Court if the process becomes too burdensome due to the number of documents that are marked as Highly Confidential – Attorneys' Eyes Only.

[3] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[5]

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

---

[5] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

1    (e)    A party who has not previously objected to disclosure of Protected Material

2   to an Expert or whose objection has been resolved with respect to previously produced Protected

3   Material shall not be precluded from raising an objection to an Expert at a later time with respect

4   to Protected Material that is produced after the time for objecting to such Expert has expired or if

5   new information about that Expert is disclosed or discovered. Any such objection shall be handled

6   in accordance with the provisions set forth above.

7   **8.    RIGHTS RESERVED WITH RESPECT TO SOURCE CODE**

8       To the extent production of material including, or substantially disclosing, confidential,

9   proprietary, or trade secret source code or algorithms becomes necessary in this case, the parties

10  reserve their rights with respect to, and agree to meet and confer regarding, a protective order

11  governing procedures for designating, disclosing, or otherwise making available such material.

12  **9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

13  **OTHER LITIGATION**

14      If a Party is served with a subpoena issued by a court, arbitral, administrative, or

15  legislative body, or with a court order issued in other litigation that compels disclosure of any

16  information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

18      (a)    promptly notify in writing the Designating Party. Such notification shall

19  include a copy of the subpoena or court order;

20      (b)    promptly notify in writing the person who caused the subpoena or order to

21  issue in the other litigation that some or all of the material covered by the subpoena or order is

22  subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective

23  Order; and

24      (c)    cooperate with respect to all reasonable procedures sought to be pursued by

25  the Designating Party whose Protected Material may be affected.[6]

26  _____

27      [6] The purpose of imposing these duties is to alert the interested parties to the existence of this
    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
28  confidentiality interests in the court from which the subpoena or order issued.

If the Designating Party timely[7] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

---

[7] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 9(a) to seek a protective order.

(c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[8] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a production is not itself a waiver in this case or any

---

[8] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

other federal or state proceeding (whether litigation, arbitration, investigation, regulatory action, or any other such proceeding).

**13.     MISCELLANEOUS**

13.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached.  Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

13.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3     <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

13.4     <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Information shall comply with all applicable export control statutes and regulations.  *See, e.g.,* 15 CFR 734.2(b).  No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Information (including

copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Information, to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

13.5    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

13.6    <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Information during trial.  Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

13.7    <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected

1  Material, provided however that such communications or advice shall not disclose or reveal the

2  substance or content of any Protected Material other than as permitted under this Order.

3      13.8   <u>Violations</u>. If any Party violates the limitations on the use of Protected Material as

4  described above, the Party violating this Order shall be subject to sanctions, or any other remedies

5  as appropriate, as ordered by the Court. In the event motion practice is required to enforce the

6  terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and

7  fees, including attorney or other professional fees, incurred in connection with the discovery of the

8  violation and the preparation, filing, and arguing of the motion or any other proceedings resulting

9  from the violation.

10     13.9   <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of

11  this Stipulated Protective Order as of the date counsel for such party executes this Stipulated

12  Protective Order, even if prior to entry of this Order by the Court.

13  **14.    FINAL DISPOSITION**

14      Within 60 days after the final disposition of this action, as defined in Section 4, each

15  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

16  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

17  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

18  the Protected Material is returned or destroyed, the Receiving Party must submit a written

19  certification to the Producing Party (and, if not the same person or entity, to the Designating

20  Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

21  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

22  any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

23  of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

24  archival copy of all pleadings, motions and trial briefs (including all supporting and opposing

25  papers and exhibits thereto), written discovery requests and responses (and exhibits thereto),

26  deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced

27  into evidence at any hearing or trial, and their attorney work product which refers or is related to

28  any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for

archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15.    INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION**

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 18, 2021                    _/s/ Michael R. Reese_____
                                                              Attorneys for Plaintiff

DATED: February 18, 2021                    _/s/ David H. Kramer_____
                                                              Attorneys for Defendant


**ATTORNEY ATTESTATION**

I, David H. Kramer, am the ECF User whose identification and password are being used to file this document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that the concurrence in the filing of the document has been obtained from the other signatory.

By:    _/s/ David H. Kramer_____


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   2/22/2021

Honorable Haywood S. Gilliam, Jr.
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [**print or type full name**], of

_____ [**print or type full address**], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on

_____ [**date**] in the case of _____

[**insert formal name of the case and the number and initials assigned to it by the court**]. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [**print or type full name**] of

_____ [**print or type full address and telephone

number**] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                    [signature]