UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>PINTEREST, INC.,<br><br>    Defendant. | Case No. 19-cv-07650-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 62 |

Pending before the Court is Defendant Pinterest, Inc.'s motion to dismiss Count II of Plaintiff Harold Davis's second amended complaint. *See* Dkt. No. 62. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to dismiss without leave to amend.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a digital artist and professional photographer. *See* Dkt. No. 56 ("SAC") at ¶ 12. Defendant is an online platform that allows users to create their own virtual image boards or "boards," by "pinning" images to their boards. *See id.* at ¶¶ 2, 23. These images may be captured by Defendant's users, or may be copied from other sources on the internet. *See id.* at ¶¶ 4, 23. According to Plaintiff, Defendant "does not have in place a system of screening the Pins for copyright notices or other indicia of copyright ownership associated with the 'pinned' images." *See id.* at ¶ 27. Rather, Defendant "monetizes those images . . . by displaying and distributing those images to its users, which are incorporated with targeted advertisement." *Id.* at ¶ 6. Defendant also "makes downloading an image exceedingly easy" for its users, and provides users

with a mechanism to "display the same image on the user's web page." *See id.* at ¶¶ 60, 62–64. Plaintiff further alleges that Defendant "deliberately removes indicia of copyright ownership to render its paid advertisement more effective and to actively thwart the efforts of copyright owners, like Plaintiff, to police the misuse of their works on and through Pinterest's website and app." *Id.* at ¶¶ 27, 40–58. Plaintiff alleges that "[a]s a result of the copying tools Pinterest provides, Pinterest is the source of rampant [copyright] infringement by third parties . . . ." *Id.* at ¶ 65. Plaintiff alleges that he has identified "thousands upon thousands of instances where Plaintiff's federally copyrighted images are used by Pinterest to hawk goods and services." *Id.* at ¶¶ 7, 29–33. Based on these facts, Plaintiff filed a complaint for both direct and contributory copyright infringement. *See id.* at ¶¶ 83–99.

### B. Procedural History

Plaintiff filed his initial complaint on November 20, 2019. *See* Dkt. No. 1. Defendant subsequently moved to dismiss Plaintiff's contributory infringement claim. *See* Dkt. No. 17. Rather than file an opposition or statement of non-opposition to the motion, *see* Civil L.R. 7-3(b), Plaintiff filed the first amended complaint on March 11, 2020. *See* FAC. Defendant moved to dismiss the contributory infringement claim, and the Court granted the motion on July 22, 2020. *See* Dkt. No. 39. Rather than just address the deficiencies the Court identified with his claim for contributory infringement, Plaintiff sought to add a new claim to his complaint, a violation of the Digital Millennial Copyright Act (the "DMCA"), 17 U.S.C. § 1202(b), and to bring the action on behalf of a putative class. *See* Dkt. Nos. 41, 52. The Court denied the motion. *See* Dkt. No. 55. Plaintiff therefore filed his second amended complaint on November 11, 2020. *See* SAC. Defendant again moves to dismiss the contributory infringement claim. Dkt. No. 62.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

2

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### III.   DISCUSSION

Defendant continues to challenge Plaintiff's second cause of action for contributory infringement. *See* Dkt. No. 62.

To establish a claim for contributory copyright infringement, Plaintiff "must establish that there has been direct infringement by third parties." *See Perfect 10, Inc. v. Amazon.com, Inc.* ("*Amazon*"), 508 F.3d 1146, 1169 (9th Cir. 2007). Once this threshold issue has been established, Plaintiff must further allege that Defendant "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Giganews, Inc.* ("*Giganews*"), 847 F.3d 657, 670 (9th Cir. 2007) (quotation omitted). Material contribution "[i]n the online context" requires the defendant to have "actual knowledge that specific infringing material is available using its system, and . . . simple measures [would] prevent further damage to copyrighted works, yet [the defendant] continues to provide access to infringing works." *Id.* at 671 (quotation omitted). And inducement requires the defendant to "distribute[] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *See id.* at 672. Here, Plaintiff alleges theories of liability premised on both material contribution and inducement, and Defendant challenges both theories.

3

As a threshold matter, Defendant argues that Plaintiff has not alleged that Defendant had actual knowledge of specific acts of third-party infringement. *See* Dkt. No. 62 at 7–10. In response, Plaintiff appears to acknowledge that he has not alleged such actual knowledge. *See* Dkt. No. 67 at 17–18. Rather, Plaintiff contends that at least at the motion to dismiss stage allegations of constructive knowledge and willful blindness are also sufficient, and that he has adequately alleged both. *Id.* at 15–18.

In support of his argument that constructive knowledge is sufficient, Plaintiff cites two Ninth Circuit opinions: *Erickson Prods., Inc. v. Kast*, 921 F.3d 822 (9th Cir. 2019) and *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001), *as amended* (Apr. 3, 2001).

In *Erickson*, the appellant Kraig Kast hired a website developer to redevelop the website for Kast's real estate wealth management company. *See Erickson*, 921 F.3d at 826–27. The redesigned website contained three copyrighted photos owned by the appellee Erickson Productions. *Id.* at 827. Following trial, the jury found by special verdict that Kast had contributorily infringed Erickson Productions' copyright on each of the three photos, and did so willfully. *Id.* at 828. On appeal, Kast argued that the district court erred by instructing the jury that "knowledge" for purposes of contributory infringement could include having a "reason to know" of the underlying direct infringement by the website developer. *Id.* at 831. The Ninth Circuit noted that Kast had not objected to the jury instruction at trial, and thus reviewed the claim only for plain error. *Id.* at 832. In upholding the verdict, the Court explained that "even if the 'should have known' instruction was erroneous, the error was not plain." *Id.* The Court reasoned that there had been some "[i]nconsistency in our case law on the 'knowledge' element of contributory liability." *Id.* In particular, the Court noted that it had previously "cited with approval a 'know or have reason to know' instruction for contributory liability." *Id.* (citing *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 943 (9th Cir. 2011)). The Ninth Circuit in *Erickson*, however, did not clarify whether the "reason to know" or "should have known" standard actually applies.

In *Napster*, the Ninth Circuit suggested that under some circumstances, constructive knowledge could satisfy the knowledge element of contributory liability. *See Napster*, 239 F.3d at

4

1020–21. However, the Court explained that if an online file sharing service was capable of "substantial noninfringing use," then constructive knowledge alone was not sufficient to impose liability for contributory infringement. *See Napster*, 239 F.3d at 1020–21 ("[A]bsent any specific information which identifies infringing activity, a computer system operator cannot be liable for contributory infringement merely because the structure of the system allows for the exchange of copyrighted material."). The Court therefore confirmed that "in an online context, evidence of actual knowledge of specific acts of infringement is required to hold a computer system operator liable for contributory copyright infringement." *Id.* at 1021–22 (citing *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1371 (N.D. Cal. 1995)). In *Amazon* and *Giganews*, the Ninth Circuit upheld the *Napster* test, again emphasizing that knowledge for purposes of contributory liability must be of specific infringing material. *See Amazon*, 508 F.3d at 1172; *see also Giganews*, 847 F.3d at 671.

Even assuming the Ninth Circuit left open the possibility that constructive knowledge may be sufficient in some circumstances, Plaintiff still does not allege that Defendant had knowledge—actual or constructive—of *specific* acts of infringement. *Id.*; *see also Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013). Although the amended complaint identifies various instances where Plaintiff claims his photographs are available on Defendant's website, *see* SAC at ¶¶ 61–64, it does not allege that Defendant knew or had reason to know of these examples. And while the complaint asserts that Plaintiff contacted both Defendant's CEO and its Intellectual Property Operations Manager regarding misuse of his photographs generally, *id.* at ¶¶ 66–74, those notices did not identify any specific acts of infringement. *See* Dkt. No. 62-3, Ex. 1; Dkt. No. 62-4, Ex. 2. To the contrary, at least one email thread between Plaintiff and the Intellectual Property Operations Manager indicates that Defendant sought this level of specificity from Plaintiff, including reference files of the images Plaintiff wanted removed, but Plaintiff responded that it was impracticable to provide this information. *See* Dkt. No. 62-4, Ex. 2 at 4–5.

Plaintiff also argues that Defendant was willfully blind to the infringement that was occurring by third parties on its website. To allege willful blindness, Plaintiff must allege that Defendant "(1) subjectively believed that infringement was likely occurring on [its website] and

that [it] (2) took deliberate actions to avoid learning about the infringement." *Luvdarts*, LLC, 710 F.3d at 1073. Yet willful blindness, as a proxy for knowledge, still requires allegations that Defendant was willfully blind to the specific instances of infringement at issue in the case, and not just to copyright infringement generally. *See id.* ("Willful blindness of *specific facts* would establish knowledge for contributory liability." (emphasis added)).

Here, Plaintiff alleges that Defendant removes metadata from digital images, including copyright management information ("CMI"), and renames images on its website. *See* SAC at ¶¶ 27, 44, 54–58. Plaintiff asserts that Defendant does so "to induce, enable, facilitate, and conceal its own direct and/or contributory infringement of copyright images." *Id.* at ¶ 56. Plaintiff does not provide factual support for this conclusory allegation. And critically, Plaintiff fails to allege how Defendant was willfully blind to infringement of *Plaintiff's* copyrights. Plaintiff's allegations, taken in the light most favorable to Plaintiff, merely suggest that Defendant operated its website indifferent to the risk of copyright infringement generally and indifferent to the difficulty copyright holders may have in identifying misuse of their works. *See id.* at ¶¶ 56–58. But this is not enough. "[M]ore than a generalized knowledge by the [defendant] of the possibility of infringement" is required to allege contributory infringement. *Luvdarts*, LLC, 710 F.3d at 1072. And as noted above, to the extent Plaintiff suggests that his emails to Defendant should have put it on notice, the emails do not contain information about any specific instances of alleged infringement of Plaintiff's works.

*   *   *

The Court finds that Plaintiff has failed to allege adequately that Defendant had the necessary knowledge of infringement, and his contributory infringement claim thus fails.[1] The Court therefore **GRANTS** Defendant's motion to dismiss Count II of Plaintiff's amended

---

[1] Because contributory infringement requires that Defendant had knowledge of another's infringement under both Plaintiff's material contribution and inducement theories of liability, the Court does not address the parties' separate arguments regarding the allegations that Defendant materially contributed to or induced the infringement activity. *See, e.g.*, *Luvdarts*, 710 F.3d at 1073, & n.2 (declining to address whether plaintiff sufficiently alleged that defendant induced or materially contributed to infringement where plaintiff "failed to allege adequately that the [defendant] had the necessary specific knowledge of infringement").

complaint. The Court finds that at this stage Plaintiff has had ample opportunity to allege a contributory infringement claim, but has failed to do so. The Court thus concludes that allowing further amendment would be futile. *See, e.g.*, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007–08 (9th Cir. 2009), *as amended* (Feb. 10, 2009).

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Count II of Plaintiff's amended complaint without leave to amend. The prior scheduling order remains in effect. *See* Dkt. No. 63.

**IT IS SO ORDERED.**

Dated: 3/9/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge