UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>PINTEREST, INC.,<br><br>        Defendant. | Case No. 19-cv-07650-HSG (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 78 |

Plaintiff Harold Davis has sued Defendant Pinterest, Inc., for copyright infringement. ECF No. 56 (Second Amended Complaint).[1] He alleges that Pinterest's business model depends on the constant pinning of images by users, which Pinterest monetizes to generate advertising revenues. He alleges that Pinterest does not have in place a system for screening the pinned images for copyright notices or other indicia of copyright ownership associated with the images. Indeed, Davis claims that Pinterest deliberately removes indicia of copyright ownership to render its paid advertisements more effective. He alleges that this conduct led Pinterest to infringe his registered works. Davis now seeks to depose Pinterest's co-founder and CEO Ben Silbermann; its current head of engineering, Jeremy King; its former COO, Francoise Brougher; and its former head of engineering, Li Fan. Pinterest has moved for protective order, citing the apex doctrine. Pinterest argues that these current and former high-level executives lack unique knowledge of relevant facts, and that Davis has failed to exhaust alternative means to obtain the information sought.

The Court grants Pinterest's motion. On the record currently before the Court, there is no justification for these apex depositions. Indeed, these deposition notices look like the classic case

---

[1] Judge Gilliam dismissed Davis's second claim for relief for contributory copyright infringement. ECF No. 75.

of what the apex doctrine is designed to prevent: trying to give outsized importance to a run-of-the-mill lawsuit by dragging in high-level executives, when these executives aren't going to know anything more than what many people within the company can undoubtedly testify to. Depositions of witnesses at this level in the company who have no unique knowledge of the facts are an undue burden for the company, the witnesses, and counsel, and that is no less true for the two former executives who are no longer at Pinterest because those depositions will have outsized importance to the company as well. Indeed, the Court can't shake the feeling that these witnesses were chosen *because* these depositions would be burdensome, inconvenient, and highly visible to the company. The Court is also not persuaded that Silbermann's deposition is warranted by the fact that he forwarded an unsolicited email from the Plaintiff and asked someone else to deal with it. Accordingly, the Court grants Pinterest's motion for a protective order and quashes the depositions of Silbermann, King, Brougher and Fan. This order is without prejudice to Plaintiff later filing a motion to take one or more of these depositions after having exhausted less intrusive methods of discovery and demonstrating that the witnesses have unique, non-repetitive knowledge of the facts of the case.

**IT IS SO ORDERED.**

Dated: May 27, 2021

THOMAS S. HIXSON
United States Magistrate Judge