UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>PINTEREST, INC.,<br><br>        Defendant. | Case No. 19-cv-07650-HSG (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 93 |

The parties have filed a joint discovery letter brief in which Defendant Pinterest moves to compel Plaintiff Harold Davis to provide a complete response to Pinterest's interrogatory 2. ECF No. 93. The Court held a hearing on July 16, 2021, and now issues this order.

**A.  Procedural Background**

Some procedural background is helpful to understand the current dispute. Davis is suing Pinterest for copyright infringement. ECF No. 56 (Second Amended Complaint).[1] Davis says that he is a renowned digital artist and an award-winning professional photographer. He alleges that Pinterest displays and distributes images, including his copyrighted works without his authorization, by allowing users to "pin" images on the internet. He also says that Pinterest monetizes those images by displaying and distributing them to Pinterest's users, and incorporating them with targeted advertising.

Last November, when the parties were proposing case schedules to the Court, an issue in dispute was whether there should be a date certain by which Davis would have to identify all of the alleged infringements of his works. ECF No. 59 at 3. Pinterest argued that "[f]or purposes of

---

[1] Judge Gilliam has dismissed his claim for contributory copyright infringement. ECF No. 75.

case management, to ensure that any case schedule can be met, to ensure discovery is properly focused, and to ensure preservation of relevant materials, Pinterest believes Plaintiff[] should be required to provide a complete identification of alleged infringements by a date certain, in the same way that a patentee must provide an early identification of claims and infringement contentions." *Id*. Pinterest explained that "[r]equiring Plaintiff to identify the works in suit by a date certain before the close of fact discovery provides Pinterest with the time needed to investigate and take discovery on those works (e.g., on issues related to the works' ownership and alleged infringement)." *Id*. Pinterest further stated that "[a]bsent this requirement, Plaintiff could identify works at the very close of discovery, thereby prejudicing Pinterest by leaving it without an opportunity to undertake such investigation and discovery."

Davis disagreed. *Id*. He stated that "Plaintiff's complaints have consistently made it clear that the instances of infringement cited in the complaints are just examples and that Plaintiff will not be able to identify all instances until discovery of the Defendant has been completed." *Id*. Davis argued that "[t]his is because the instances of Defendant's infringement are numerous and ongoing as well as the fact that Defendant takes measures, such as stripping Plaintiff's copyright management information from the images, to make it more difficult for the Plaintiff to identify all instances where Defendant is infringing his works." *Id*.

Judge Gilliam ordered the parties to meet and confer and to file a stipulation and proposed order setting a case schedule. ECF No. 60. The parties did this in ECF No. 61, and their jointly proposed schedule adopted Pinterest's request for a "[d]eadline for Plaintiff to serve final identification of alleged infringements at issue," which they proposed as June 1, 2021. Judge Gilliam's case scheduling order at ECF No. 63 entered a schedule that included the parties' proposal for a June 1, 2021 deadline for Davis to serve the final identification of alleged infringements.

On December 16, 2020 Pinterest served the interrogatory at issue, which asked Davis "[f]or each Work In Suit, [to] identify the URL on Pinterest or other unique identifying information sufficient for Pinterest to locate each instance of alleged infringement." The interrogatories defined "Work In Suit" to mean "all work(s) or portion(s) thereof as to which You

2


assert a claim or claims of copyright infringement in this action." Davis's response to interrogatory 2, after asserting some objections, stated that he "responds that he will produce documents in response to this Interrogatory pursuant to Fed. R. Civ. P. 33(d) and refers Defendant to Plaintiff's forthcoming production in response to Defendants First Set of Document Requests."

On June 1, 2021, Davis's counsel produced a document production labeled DAVIS-1345 – DAVIS-4729. The production contained within it .pdf files labeled DAVIS-1747-1827 and DAVIS-1843-1850. Those two .pdf files looked like an attempt at a final identification of alleged infringements. However, the .pdf format made them unusable. On June 4, 2021, Davis's counsel produced an Excel spreadsheet, which Davis says is the same information in the June 1 .pdf files but in a usable format. Davis's counsel subsequently provided a slip sheet assigning Bates number DAVIS00005338 to the spreadsheet, and in a July 1 email confirmed that the spreadsheet was part of the Rule 33(d) reference in Davis's response to interrogatory 2.

**B.      Discussion**

Pinterest first argues that Davis did not comply with the June 1 deadline at all. In making this argument, Pinterest says nothing about the .pdf files that Davis produced on June 1. In response, Davis asserts without contradiction that the June 4 Excel spreadsheet is the same information that was contained in the June 1 .pdf files, just in a different format. A deadline to provide information is by implication a deadline to provide it in a usable format, and the .pdf files were not usable, so Davis should have produced the spreadsheet by June 1. However, technical errors in the production of electronic documents are common enough that deeming a minor foot fault like this a complete default of a court-ordered deadline would be unreasonably harsh. Accordingly, the Court will deem the spreadsheet substantially timely.

Pinterest next argues that Davis has not provided a substantive response to interrogatory 2. Pinterest complains that the spreadsheet only identifies some alleged infringements and that many of the references in the spreadsheet are to registered works that are not mentioned in the Second Amended Complaint ("SAC"). Pinterest argues that Davis was required to list every alleged infringement and that the alleged infringements could only relate to the works enumerated in the SAC.

Davis argues that he has done what is required of him to respond to an interrogatory, namely, respond based on personal knowledge and a reasonable search. He says that it is impossible for him to scour the billions of images on Pinterest's platform, a task that even Pinterest claims is unreasonably burdensome. Davis argues that on June 1 and again on June 4, he provided the information reasonably available to him and sufficient for Pinterest to locate each instance of infringement.

The parties seem to be talking past each other, so let's break this down to the basics. Interrogatory 2 is a contention interrogatory. It says: "For each Work In Suit, identify the URL on Pinterest or other unique identifying information sufficient for Pinterest to locate each instance of *alleged infringement*." (emphasis added). Pinterest is not asking Davis the factual question of identifying each instance in which one of his registered works was reproduced or displayed on the Pinterest service. After all, some of those reproductions or displays might not be infringement at all if Pinterest has an affirmative defense that applies, such as license or fair use. Instead, Pinterest is asking Davis his legal contentions: Identify each instance in which you claim we committed infringement.

Davis's legal contentions can be whatever he wants them to be. If he wants to use an expensive supercomputer to scan billions of images to find every last one that contains his registered works, he is free to do that. If he instead just wants to use reasonable diligence to find instances of infringement, he can do that too. It is up to him to build his own case.

Davis's contentions might or might not have legal merit. If there is a requirement that every copyright registration must be specifically listed in the operative complaint in order to be part of a lawsuit, then perhaps contentions about unpleaded registrations won't have merit, and Pinterest could move for summary judgment as to those registrations. The Court will not tell Davis what his contentions are, i.e., that he has to limit his contentions to the registrations listed in the SAC. Rather, Davis decides what his contentions are, and then Judge Gilliam decides on summary judgment whether those contentions are any good.

As to Pinterest's complaint that the June spreadsheet lists only examples of alleged infringement, that is untrue. Judge Gilliam's scheduling order stated that June 1 was the deadline

for Davis "to Serve Final Identification of Alleged Infringements." ECF No. 63. The June spreadsheet was therefore the *final* identification of the alleged infringements. To put it another way, any instances of infringement not listed in that spreadsheet are not part of Davis's case. The undersigned will not issue an order requiring Davis to list every instance of alleged infringement because Judge Gilliam already issued that order and set a deadline that has passed.

Pinterest also complains about the form of Davis's Rule 33(d) reference, and the Court agrees with Pinterest. A Rule 33(d) reference must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . ." Davis's Rule 33(d) reference doesn't specify any records; it just gestures at forthcoming document productions. The Court therefore orders Davis to serve an amended response to interrogatory 2 that identifies the June 4 spreadsheet by Bates number. The amended response must be verified. Fed. R. Civ. Proc. 33(b)(3). And it is due within seven days of the date of this order.

**IT IS SO ORDERED.**

Dated: July 20, 2021

THOMAS S. HIXSON
United States Magistrate Judge

5