UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>PINTEREST, INC.,<br><br>        Defendant. | Case No. 19-cv-07650-HSG (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 115 |

The parties have a dispute concerning Plaintiff Harold Davis's July 22, 2021 Rule 30(b)(6) deposition notice to Pinterest. ECF No. 115. Pinterest moves for a protective order from it, and Davis moves to compel to enforce it. The Court held a hearing on August 26, 2021 and now issues this order.

Davis has been trying to take a 30(b)(6) deposition concerning a spoliation theory he has. He served his first 30(b)(6) deposition notice on March 8, 2021. Topic 20 was "Your removal of Plaintiff's images from your website and any efforts you have made to preserve those images as they appeared on your website in order to prevent spoliation." ECF No 115-6. Pinterest denied the accusation of spoliation and did not designate a witness on this topic. ECF Nos. 115-7 & 115-8. On May 12, 2021, Davis served an amended 30(b)(6) deposition notice that contained the same topic (renumbered as 17), except that Davis used the verb "avoid" instead of "prevent." ECF No. 115-9. Pinterest again denied the charge of spoliation and declined to designate a witness. ECF No. 115-10.

On July 22, Davis served his second 30(b)(6) deposition notice, with the following four topics:

    1. Your removal of any of Plaintiff's Works from your Website,

> Webservers, platform, or elsewhere, after the initiation of the above-captioned lawsuit.
>
> 2. Your efforts since the initiation of the above-captioned lawsuit to preserve evidence and other information relevant to the above-captioned lawsuit, including, but not limited to, the display of any of Plaintiff's Works on your Website.
>
> 3. Your conduct as stated in March 4, 2021 correspondence from your counsel whereby: "[u]pon receipt of Mr. Davis's original complaint in this matter, Pinterest removed from public access on its service the allegedly infringing images for which a Pinterest URL was included in the complaint. Pinterest did the same for the wheelbarrow image."
>
> 4. Your litigation hold or preservation policy, if any, in the above-captioned action.

ECF No. 115-1.

Pinterest complains that Davis violated Civil Local Rule 30-1 because he unilaterally noticed the deposition for August 4, 2021 without conferring with opposing counsel first. Pinterest also complains that Davis violated the rule requiring leave of court before taking a deposition if "the deponent has already been deposed in the case," Fed. R. Civ. P. 30(a)(2)(A)(ii), because here the deponent (Pinterest) had been deposed before.

Pinterest's arguments lose all persuasive force once you realize that the four topics in the July 22 deposition notice are all fairly embraced in topic 20 in Davis's March 8 deposition notice that Pinterest never designated a witness for. It's true that the July 22 notice uses more words. The original topic 20 referred to "Your removal of Plaintiff's images from your website," and now that has been broadened to "your Website, Webservers, platform, or elsewhere," but website, webservers and platform all get at the same idea, and Pinterest has not argued that there is some meaningfully different "elsewhere."

Topic 20 originally referred to "any efforts you have made to preserve those images as they appeared on your website in order to prevent spoliation," and now that has been more broadly stated as "Your efforts since the initiation of the above-captioned lawsuit to preserve evidence and other information relevant to the above-captioned lawsuit, including, but not limited to, the display of any of Plaintiff's Works on your Website." However, from the letter brief it appears that Davis's spoliation theory is still about the removal of his images.

The new topic 3 is embraced in the original topic 20. And given Davis's spoliation theory,

the new topic 4's "Your litigation hold or preservation policy, if any, in the above-captioned action" falls within the scope of the original topic 20's "any efforts you have made to preserve those images as they appeared on your website in order to prevent spoliation." Indeed, Pinterest *agrees* that the topics in the July 22 deposition notice are "duplicative" of the earlier topics 20 and 17 that Davis noticed. ECF No. 115 at 3.

So, there is no violation of Local Rule 30-1. Rather, Davis has been trying to meet and confer over a mutually agreeable date for this topic under Local Rule 30-1 since March. His original deposition notice, after all, did not notice the deposition for any particular date and was entitled "Plaintiff's Federal Civil Procedure Rule 30(b)(6) Proposed Notice of Deposition of Defendant Pinterest, Inc. for Purposes of Consultation to Schedule Pursuant to Local Rule 30-1." Likewise, Davis is not trying to take a second deposition of Pinterest. He is still trying to take the first.

It might have looked better if Davis had moved to compel on topic 20 in his original deposition notice, or on topic 17 in the amended notice, rather than serving what looks like a new July 22 deposition notice with a unilaterally selected August 4 date. But the Court can see that the four topics in the July 22 notice are really the same as the previous topics 20 and 17. And Pinterest sees that too.

Pinterest presents argument as if its objections to the prior topics 20 and 17 and Davis's failure to immediately move to compel amounted to Davis waiving or dropping those topics, and Pinterest claims the spoliation topic is therefore "stale" and that he "failed to pursue" it. But that's not true at all. It is indeed a good practice to move to compel as soon as you know there's a dispute. But under the local rules, the only deadline to do so is seven days after the close of fact discovery. Civil Local Rule 37-3. Here, where the deadline to complete depositions is August 6, 2021, *see* ECF No. 90, and this joint discovery letter brief was filed on August 6, the Court cannot say Davis is too late.

Pinterest also complains that Davis's accusation of spoliation is "baseless" and made in "bad faith." But Davis's deposition topics do not presume spoliation. They simply ask Pinterest to say what it did in terms of removing Davis's images and preserving how they had been

1  originally displayed.  There is no reason Pinterest cannot, at long last, put up a witness to answer
2  those questions.  Pinterest argues that as a legal matter its conduct did not amount to spoliation,
3  but those arguments belong in an opposition to a motion for sanctions that has not yet been
4  brought.  Right now Davis is trying to take factual discovery to obtain testimony under oath
5  concerning what Pinterest did or did not do in terms of evidence preservation, and that subject is
6  relevant and proportional to the needs of the case.

   Pinterest's motion for a protective order is denied, and Davis's motion to compel is granted.

   **IT IS SO ORDERED.**

Dated: August 26, 2021

THOMAS S. HIXSON
United States Magistrate Judge