UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>   Plaintiff,<br><br> v.<br><br>PINTEREST, INC.,<br><br>   Defendant. | Case No. 19-cv-07650-HSG (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 127, 131 |

   The Court has before it two joint discovery letter briefs, ECF Nos. 127 & 131, portions of which are hard to evaluate because the parties make factual assertions, citing evidence, but do not put that evidence before the Court, leaving the Court unable to determine if these assertions are true. For example, in ECF No. 127, concerning rogs 4 and 5 and RFPs 3-5 and 12-13, Pinterest argues that "Plaintiff's August 19, 2021 deposition, as well as documents Pinterest itself discovered, make clear that Plaintiff has made his works available on other photo-sharing websites, blogs, and retailer websites under agreements that grant those websites . . . and their users licenses to Plaintiff's works." However, Pinterest does not put that deposition testimony or the documents it discovered before the Court to prove that those assertions are true. For his part, Davis likewise refers to his deposition to partly deny this argument, but similarly does not provide that testimony to the Court.

   Pinterest's other arguments in ECF No. 127 have similar problems, making factual assertions that refer to evidence that is not provided to the court. *See, e.g.*, page 1 ("But even for the few websites Plaintiff belatedly identified, he does not provide the information requested"), *id*. ("Plaintiff's deposition and documents Pinterest itself discovered make clear that . . ."), page 2 ("Notably, Plaintiff's works appeared with his authorization at many online locations . . ."), *id*.

("Plaintiff did not even ask his agents, whom he calls his 'aggregators,' for lists of sites . . ."). To a lesser extent, Davis does the same. *See, e.g.*, page 4 ("when asked about this during his deposition, Plaintiff made clear . . .").

Contested factual assertions have to be supported by evidence that is available for the Court to review. Accordingly, for ECF No. 127, the Court orders the parties to meet and confer further. If they cannot resolve their dispute, the Court orders them to file a supplemental joint discovery letter brief together with evidence[1] supporting their respective factual assertions within seven days. Because the deadline to move to compel has expired with respect to fact discovery, Pinterest may not raise any new disputes in the supplemental letter brief; rather, the Court requests evidence and a discussion of what the evidence shows with respect to the issues Pinterest has already raised.

ECF No. 131 is not as bad. However, it is still true that Pinterest cites Davis's wife's testimony without providing it, and in footnote 3, Pinterest cites a portion of Davis's testimony that was not provided in Exhibit 6. Further, Davis argues that he has produced separate documents reflecting settlements of the works-in-suit, and therefore Pinterest does not need the Pixsy documents. However, Davis did not provide to the Court those separate documents, making it impossible for the Court to evaluate whether they provided information that is an adequate substitute for the Pixsy documents. Accordingly, the Court orders the parties to meet and confer and to submit a supplemental joint discovery letter brief together with any additional evidence supporting their respective factual assertions within seven days. As with ECF No. 127, it is again true that the deadline to raise fact discovery disputes has passed, so new issues may not be raised in the supplemental letter brief – just discussions of how the evidence relates to the existing issues.

**IT IS SO ORDERED.**

Dated: September 13, 2021

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] If the Pixsy documents referred to in ECF No. 127 are the ones that were filed in connection with ECF No. 131, they need not be filed again.