UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PINTEREST, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-07650-HSG<br><br>**ORDER DENYING MOTION FOR DE NOVO DETERMINATION OF DISCOVERY DISPUTE; DENYING MOTION FOR LIMITED DISCOVERY CONTINUANCE; AND DENYING MOTION TO SEAL**<br><br>Re: Dkt. Nos. 114, 123, 124, 139 |

Pending before the Court are several motions filed by the parties related to their ongoing discovery disputes and the case schedule. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b).

**I.   BACKGROUND**

　**A.   Factual Background**

Plaintiff Harold Davis is a digital artist and professional photographer. *See* Dkt. No. 56 ("SAC") at ¶ 12. Defendant is an online platform that allows users to create their own virtual image boards or "boards," by "pinning" images to their boards. *See id.* at ¶¶ 2, 23. These images may be captured by Defendant's users, or may be copied from other sources on the internet. *See id.* at ¶¶ 4, 23. According to Plaintiff, Defendant "does not have in place a system of screening the Pins for copyright notices or other indicia of copyright ownership associated with the 'pinned' images." *See id.* at ¶ 27. Rather, Defendant "monetizes those images . . . by displaying and distributing those images to its users, which are incorporated with targeted advertisement." *Id.* at ¶ 6. Defendant also "makes downloading an image exceedingly easy" for its users, and provides users with a mechanism to "display the same image on the user's web page." *See id.* at ¶¶ 60, 62–

64. Plaintiff further alleges that Defendant "deliberately removes indicia of copyright ownership to render its paid advertisement more effective and to actively thwart the efforts of copyright owners, like Plaintiff, to police the misuse of their works on and through Pinterest's website and app." *Id.* at ¶¶ 27, 40–58. Plaintiff alleges that "[a]s a result of the copying tools Pinterest provides, Pinterest is the source of rampant [copyright] infringement by third parties . . . ." *Id.* at ¶ 65. Plaintiff alleges that he has identified "thousands upon thousands of instances where Plaintiff's federally copyrighted images are used by Pinterest to hawk goods and services." *Id.* at ¶¶ 7, 29–33. Based on these facts, Plaintiff filed a complaint for both direct and contributory copyright infringement. *See id.* at ¶¶ 83–99.

### B. Procedural History

Plaintiff filed his initial complaint on November 20, 2019. *See* Dkt. No. 1. Defendant subsequently moved to dismiss Plaintiff's contributory infringement claim. *See* Dkt. No. 17. Rather than file an opposition or statement of non-opposition to the motion, *see* Civil L.R. 7-3(b), Plaintiff filed the first amended complaint on March 11, 2020. *See* FAC. Defendant moved to dismiss the contributory infringement claim, and the Court granted the motion on July 22, 2020. *See* Dkt. No. 39. Rather than just address the deficiencies the Court identified as to his claim for contributory infringement, Plaintiff sought to add a new claim to his complaint, a violation of the Digital Millennial Copyright Act (the "DMCA"), 17 U.S.C. § 1202(b), and to bring the action on behalf of a putative class. *See* Dkt. Nos. 41, 52. The Court denied the motion. *See* Dkt. No. 55. Plaintiff then filed his second amended complaint on November 11, 2020. *See* SAC. Defendant again moved to dismiss the contributory infringement claim, Dkt. No. 62, and the Court granted the motion, Dkt. No. 75. Plaintiff's case, therefore, consists of a single claim for direct copyright infringement.

### II. MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE RELIEF GRANTED BY MAGISTRATE JUDGE THOMAS S. HISXON

Plaintiff asks the Court to limit the relief that Judge Hixson provided in his July 20, 2021, discovery order. *See* Dkt. No. 114.

//

**A. Background**

As relevant to this motion, the parties submitted their joint case management statement on November 17, 2020. *See* Dkt. No. 59. In it, the parties raised a dispute about whether and when Plaintiff should be required to identify all instances of alleged copyright infringement. *See id.* at 2–3. Defendant argued that requiring Plaintiff to identify the alleged infringements would allow it to investigate and take discovery as necessary. *Id.* Plaintiff, however, urged that it need only provide *examples* of the alleged infringement "because the instances of Defendant's infringement are numerous and on-going . . . ." *See id.* at 3. During the November 24 case management conference, the Court agreed that a deadline was necessary to ensure the efficient litigation of this case. The Court therefore directed the parties to meet and confer and submit a proposed case schedule incorporating this date. The parties did so, *see* Dkt. No. 61, and on December 15, 2020, the Court largely adopted the parties' proposal in its scheduling order, Dkt. No. 63. The scheduling order accordingly set June 1, 2021, as the "[d]eadline for Plaintiff to serve final identification of alleged infringements at issue." *Id.* The scheduling order also set a July 2, 2021, discovery cut-off. *Id.* However, the order explicitly stated that "Defendant may pursue discovery regarding the identified alleged infringements through September 3, 2021." *See id.*

On December 16, Defendant served Interrogatory No. 2:

> For each Work In Suit, identify the URL on Pinterest or other unique identifying information sufficient for Pinterest to locate each instance of alleged infringement.

*See* Dkt. No. 114-2 ("Moore Decl."), Ex. 2 at 3. Plaintiff provided the following in response:

> Plaintiff responds that he will produce documents in response to this Interrogatory pursuant to Fed R. Civ. P. 33(d) and refers Defendant to Plaintiff's forthcoming production in response to Defendant's First Set of Document Requests. Discovery and Plaintiff's investigation are ongoing and Plaintiff reserves the right to supplement and update this response if or when additional responsive information or documents come to its attention.

*See* Dkt. No. 138-2, Ex. 1 at 4. On June 1, Plaintiff produced various documents, including a PDF of an Excel spreadsheet. *See* Dkt. No. 114 at 2. Defendant explains that in this format, the

3

spreadsheet was "incomprehensible." *See* Dkt. No. 138 at 4.  On June 4, 2021, Plaintiff's counsel therefore emailed the Excel spreadsheet in native format ("June 4 Spreadsheet").  *See* Dkt. No. 138-4, Ex. 3.  On June 8, Defendant asked Plaintiff to confirm that this spreadsheet constituted Plaintiff's final identification of the alleged infringements and the response to Defendant's Interrogatory No. 2.  *See* Dkt. No. 138-5., Ex. 4 at 1–2.  If the June 4 Spreadsheet was Plaintiff's complete response to Interrogatory No. 2, Defendant asked Plaintiff to provide a cover page and verification identifying it as such.  *Id.* at 2.  Plaintiff did not address the spreadsheet directly.  Rather, he responded that he "identified the federally registered images by artist and name," and "has explained in detail the nature of Pinterest's infringement and ha[s] provided examples of the infringement."  *See* Dkt. No. 138-6, Ex. 5.  During subsequent communications, Plaintiff stipulated that "the 51 works identified in the SAC were the Works in Suit."  Dkt. No. 114 at 3.  However, Plaintiff explained that the June 4 Spreadsheet was merely "a sample of the URLs and Pin IDs" because "the same image may have hundreds or thousands of different URLs and Pin IDs."  *See Id.*

Defendant subsequently filed a motion to compel, asking that Judge Hixson require Plaintiff to (1) "produce through formal discovery a bates-numbered version of the June 4 spreadsheet limited to the alleged infringements of the 51 works actually at issue in this case"; and (2) "produce a verified supplemental response to Interrogatory No. 2 identifying by bates number that document as Plaintiff's final identification of alleged infringements."  *See* Dkt. No. 93 at 3.

In the July 20, 2021 order, Judge Hixson first excused Plaintiff's failure to provide the identification of infringements "in a usable format" by the June 1 deadline as a "minor foot fault," accepting the June 4 Spreadsheet as "substantially timely."  *See* Dkt. No. 108 at 3.  Regarding Interrogatory No. 2, Judge Hixson explained that Defendant was not asking "the factual question of identifying each instance in which one of his registered works was reproduced or displayed on the Pinterest service."  *See id.* at 4.  Rather, Judge Hixson recognized that Defendant was asking Plaintiff about "his legal contentions:  Identify each instance in which you claim we committed infringement."  *Id.*  Judge Hixson explained:

> [Plaintiff's] legal contentions can be whatever he wants them to be. If he wants to use an expensive supercomputer to scan billions of images to find every last one that contains his registered works, he is free to do that. If he instead just wants to use reasonable diligence to find instances of infringement, he can do that too. It is up to him to build his own case.

*Id.* Judge Hixson also rejected the idea that "the June spreadsheet lists only examples of alleged infringement," explaining:

> Judge Gilliam's scheduling order stated that June 1 was the deadline for Davis "to Serve Final Identification of Alleged Infringements." ECF No. 63. The June spreadsheet was therefore the *final* identification of the alleged infringements. To put it another way, any instances of infringement not listed in that spreadsheet are not part of Davis's case. The undersigned will not issue an order requiring Davis to list every instance of alleged infringement because Judge Gilliam already issued that order and set a deadline that has passed.

*Id.* at 4–5 (emphasis in original). Judge Hixson ordered Plaintiff to serve an amended, verified response to Interrogatory No. 2 "that identifies the June 4 spreadsheet by Bates" number . . . ." *Id.* at 5. Plaintiff served an amended, verified response, which contained the following objection:

> With respect to specification of "the URL on Pinterest," Plaintiff objects that this Interrogatory is unduly burdensome because Pinterest has the ability to locate all instances in which Defendant has distributed or displayed Plaintiff's Work In Suit on its website and application with the "other unique identifying information" that Plaintiff already provided in Exhibit A to Plaintiff's Second Amended Complaint, ECF No. 56-1, namely the owner's name (Harold Davis), the name of each Work in Suit, and a color image of each Work in Suit . . . .

*See* Moore Decl., Ex. 3. Plaintiff also identified documents by bates number, including the June 4 Spreadsheet, that he contended identified "instances of alleged infringement of the Works in Suit . . . ." *Id.* Defendant believes this response is impermissible because it identifies "over 100 additional infringements not included in the June 4 Spreadsheet." *See* Dkt. No. 138 at 7.

Plaintiff now seeks de novo review of the parties' discovery dispute and moves to limit the relief granted in Judge Hixson's July 20 order. Dkt. No. 114.

5

### B. Legal Standard

A magistrate judge may hear and decide a pretrial matter that is not dispositive of a party's claim or defense, and such decision may be set aside by the district court only if it is "clearly erroneous" or "contrary to law." *See* 28 U.S.C § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This standard is highly deferential, and "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). For a dispositive matter, the district court "must determine de novo" whether to adopt the magistrate judge's recommendation. *See* Fed. R. Civ. P. 72(b)(3).

### C. Analysis

Plaintiff asks the Court to issue an order that would (1) recharacterize as dicta Judge Hixson's finding that the June 4 Spreadsheet was the final identification of the alleged infringements; and (2) overrule the July 20 order to the extent it limits Plaintiff's identification of alleged infringements to just the spreadsheet. Dkt. No. 114. In short, Plaintiff asks this Court to confirm that his case is not limited to the alleged instances of infringement identified in the June 4 Spreadsheet. Plaintiff further argues that the Court should review Judge Hixson's order de novo because "[b]y limiting the instances of infringement that are actionable within the case, the [July 20] Order limits Plaintiff's claims" and "has the effect of dismissing any claim of infringement not in the June 1 spreadsheet." Dkt. No. 114 at 6.

The Court has carefully reviewed Judge Hixson's order, and regardless of the standard of review, the Court finds that the order is well-reasoned and correct in all respects.[1] The Court agrees that Interrogatory No. 2 is properly viewed as seeking Plaintiff's legal contentions about the specific instances of alleged infringement at issue in this case. *See* Dkt. No. 108 at 4. Plaintiff argues that the July 20 order improperly dictates *how* Plaintiff must identify the alleged instances

---

[1] In his reply brief, Plaintiff suggests that if the July 20 order were dispositive, then it "is void as a matter of law." *See* Dkt. No. 141 at 4. This borders on frivolous. Even Plaintiff's own authorities note that magistrate judges may issue "a recommended disposition, including, if appropriate, proposed findings of fact" for dispositive matters. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019) (citing Fed. R. Civ. P 72(b)). If challenged, "the district court must determine de novo whether to adopt the magistrate judge's recommendation." *Id.* (quotation omitted). Plaintiff does not simply win by default.

6

of infringement. *See* Dkt. No. 114 at 8–9. As an initial matter, Plaintiff suggests that it was enough that he "identified 51 Works that are at issue" in this case with enough detail so that Defendant could "locate each instance of alleged infringement" for itself. *See id.* at 9. This is simply wrong. Identifying the works at issue in this case may be necessary, but is insufficient to identify the alleged instances of infringement. As Judge Hixson explained, "some [] reproductions or displays [of the works] might not be infringement at all if Pinterest has an affirmative defense that applies, such as license or fair use." *See* Dkt. No. 108 at 4. It is not Defendant's job to speculate about the nature and scope of Plaintiff's case. The Court understands Plaintiff's concern that the number of possible infringements may be vast, but as Judge Hixson aptly stated, "[i]t is up to [Plaintiff] to build his own case." *Id.* Plaintiff may not shift that obligation onto Defendant.

Plaintiff further argues that the June 4 Spreadsheet "was never identified as or intended to be the one and only document identifying alleged infringements." *See* Dkt. No. 141 at 4. Rather, Plaintiff asserts that he served Defendant "with pleadings and discovery that identified alleged infringements," "on a rolling basis" prior to the June 1 deadline and consistent with Federal Rule of Civil Procedure 33(d). *See id.* at 2, 5. However, Plaintiff makes no effort to explain how Defendant could recognize the final identification of alleged infringements from prior productions or pleading documents.[2] *See also* Dkt. No. 108 at 5 (rejecting Plaintiff's Rule 33(d) reference as insufficient). Plaintiff further argues that "the Scheduling Order makes no mention of a 'list,'" so a summary document containing the alleged infringements was not required. *See* Dkt. No. 114 at 9. The Court declines to credit such patent gamesmanship. The June 1 deadline was "for Plaintiff to serve *final identification* of alleged infringements at issue." Dkt. No. 63 (emphasis added). Plaintiff's argument would render the deadline entirely meaningless. The June 4 Spreadsheet appears to be the *only* identification of the alleged infringements. Judge Hixson's order, which refers to the spreadsheet as the "*final* identification of the alleged infringements," Dkt. No. 108 at 5, appears to be entirely accurate. The Court rejects Plaintiff's belated request to expand the scope

---

[2] In his reply brief, Plaintiff argues that Defendant used identification of infringement "to spoliate evidence in an attempt to thwart Plaintiff's ability to prove his case." *See* Dkt. No. 141 at 4. Such spoliation issues, however, are not properly before the Court at this time, and in any event are irrelevant to Plaintiff's own obligation to identify the alleged infringements.

7

of the alleged infringements four months after the deadline and after the close of discovery.

Lastly, to the extent Plaintiff disagrees that he should have had to provide a "final identification of alleged infringements at issue" in this case at all, this Court—not Judge Hixson—ordered Plaintiff to do so by June 1. *See* Dkt. No. 63. Judge Hixson simply held Plaintiff to that deadline and to his discovery obligations. Plaintiff is not free to disregard court orders. If there was any ambiguity about Plaintiff's obligation, he should have sought clarification well before the June 1 deadline. And Plaintiff can eventually appeal this order if he disagrees with it. The motion is therefore **DENIED**.

### III. MOTION FOR CONTINUANCE OF DISCOVERY DEADLINE

Next, Defendant seeks a continuance of the September 3, 2021 discovery deadline to take the deposition of third-party Pixsy. Dkt. No. 124. The Court notes at the outset that Defendant did not file this motion until the day of the discovery deadline.

#### A. Background

On February 1, 2021, Plaintiff served his response to Defendant's Interrogatory No. 6, which asked Plaintiff to "[d]escribe in detail the circumstances under which [he] first because aware of each alleged infringement identified in [his] response to Interrogatory No. 2 . . . ." Dkt. No. 126-1, Ex. 2. Plaintiff explained that "he generally became aware of infringement by Pinterest in 2015 via the Pixsy reverse search engine." *Id.* According to Plaintiff, "Pixsy is a digital investigative company that provides services to image owners to combat digital copyright infringement." *See* Dkt. No. 126 at 1. On May 25, 2021, Defendant served Pixsy with a document subpoena. *See* Dkt. No. 124-1 ("Kramer Decl.") at ¶ 2. Pixsy responded on July 22, 2021, with six documents (the "Pixsy documents"). *Id.* Defendant contends that the Pixsy documents show that in 2015, Pixsy identified extensive use of Plaintiff's images on Pinterest. *See id.* at ¶¶ 3–4. Defendant further explains that during Plaintiff's and his wife's August 2021 depositions,[3] Defendant introduced the Pixsy documents, and Plaintiff and his wife testified about the documents extensively without objections from Plaintiff's counsel. *See id.*

---

[3] Plaintiff's deposition took place on August 19, 2021, and his wife's deposition took place on August 26, 2021. *See* Kramer Decl. at ¶ 3.

1    On August 19, 2021, Defendant served Pixsy with a deposition subpoena seeking, *inter alia*, testimony authenticating and explaining the Pixsy documents. *See id.* at ¶ 6.  Defendant noticed the deposition for September 1, 2021, two days before the close of discovery regarding the alleged infringements.[4]  *See id.*  On August 30, Plaintiff's counsel sent an email to Defendant claiming that the Pixsy documents are attorney work product and demanding their sequestration. *Id.* at ¶ 7, & Ex. A.  Defendant suggests that these documents and the anticipated deposition testimony will establish that at least some of Plaintiff's infringement claims are barred by the statute of limitations.  Defendant filed a discovery motion with Judge Hixson on September 13 challenging Plaintiff's work product assertion.  *See* Dkt. No. 131.  Judge Hixson requested supplemental briefing from the parties, Dkt. No. 132, and this motion remains pending.

Defendant requests that the Court continue the September 3, 2021 discovery deadline until fourteen days after Judge Hixson's order resolving the work-product claim solely to allow Defendant to take Pixsy's deposition. Dkt. No. 124.

**B.   Analysis**

The parties' arguments about whether a continuance of the discovery deadline is appropriate largely turn on the merits of Plaintiff's work product claim.  *Compare* Dkt. No. 124, *with* Dkt. No. 126.  But it is for Judge Hixson to decide this issue in the first instance.  If Judge Hixson finds that the Pixsy documents do not constitute work product and allows deposition testimony about them, then a brief extension may be appropriate.  The need for a continuance, however, may be moot if Judge Hixson finds that these documents are protected work product.  Rather than speculate about the need for and duration of any extension of the current deadline, the Court **DENIES** Defendant's motion without prejudice to renewal following Judge Hixson's order.  The Court notes, however, that the parties' delay in completing discovery and raising discovery disputes has put the case schedule at risk.  The parties' dispositive motions must be filed by November 4 to meet the December 9 dispositive motion hearing deadline.  *See* Dkt. No. 63.  Even

---

[4] As explained above, the scheduling order set a July 2, 2021, discovery cut-off. Dkt. No. 63. However, the order explicitly stated that "Defendant may pursue discovery regarding the identified alleged infringements through September 3, 2021." *See id.*

a short continuance could, therefore, jeopardize the case schedule, a result the Court wishes to avoid if at all possible. The parties may not create a scheduling problem through their own litigation tactics, then try to force the Court to delay the case by presenting the need for a continuance as a fait accompli.

### C. Motion to Seal

Defendant also filed an administrative motion to file documents under seal in connection with its brief concerning the motion for a continuance of the discovery deadline. Dkt. No. 123.

#### i. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This

requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### ii. Analysis

Because Defendant moves to file documents related to a nondispositive motion, the Court will apply the lower good cause standard. Defendant seeks to file under seal portions of Plaintiff's deposition attached as an exhibit to and discussed in Defendant's motion for a continuance of the discovery deadline. The only proffered justification for sealing is that the information was designated as "Highly Confidential – Attorneys' Eyes Only" by Plaintiff. *See* Dkt. No. 123-1 at ¶ 3. But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, Defendant's motion does not comply with Civil Local Rule 79-5(d)(1)(A). In addition, as the designating party for the materials, Plaintiff did not comply with Civil Local Rule 79-5(e)(1), because he did not file a declaration within four days of Defendant's motion. *See* Civ. L.R. 79-5(e)(1).

Further, the Court has reviewed and does not believe the deposition excerpts contain confidential information, and therefore do not warrant sealing. The Court accordingly **DENIES** Defendant's administrative motion to file under seal. Dkt. No. 123. The Court **DIRECTS** Defendant to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. The parties may also file a new motion to seal within seven days of this order according to the requirements discussed above.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion to limit Judge Hixson's July 20 discovery order, Dkt. No. 114; **DENIES WITHOUT PREJUDICE** the request for an extension of fact discovery, Dkt. No. 124; and **DENIES** Defendant's motion to seal, Dkt. No. 123.

The parties have also filed a stipulation seeking to extend the case schedule based on the parties' extensive discovery disputes. *See* Dkt. No. 139. This is a problem of the parties' own making. The parties were aware of the case deadlines and should have raised any discovery disputes early enough for resolution before the dispositive motion deadline. The Court further notes its view that the parties have been unable to work cooperatively throughout this case, and have instead consumed disproportionate court resources. The Court accordingly **DENIES** the stipulation. Dkt. No. 139. The parties are directed to proceed with the current case schedule and move this case forward expeditiously. If resolution of any of the pending discovery disputes provides an additional basis to move for summary judgment, the Court will consider whether there is good cause to permit a second motion for summary judgment or to extend the case schedule at that time.

**IT IS SO ORDERED.**

Dated: 10/22/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge