**REESE LLP**
Michael R. Reese (Cal. State Bar No. 206773)
Sue J. Nam (Cal. State Bar No. 206729)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*
       *snam@reesellp.com*

**REESE LLP**
Charles D. Moore (admitted *pro hac vice*)
100 South 5th Street
Ste 1900
Minneapolis, MN 55402
Tel: 212-643-0500
Fax: 212-253-4272
Email: *cmoore@reesellp.com*

**THE LAW OFFICE OF DAVID C. DEAL, P.L.C.**
David C. Deal (admitted *pro hac vice*)
P.O. Box 1042
Crozet, Virginia 22932
Telephone: (434) 233-2727

**REESE LLP**
George V. Granade (State Car No. 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Email: *ggranade@reesellp.com*

*Counsel for Plaintiff Harold Davis*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAROLD DAVIS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PINTEREST, INC.<br><br>　　　　　　Defendant. | Case No. 4:19-cv-7650-HSG (TSH)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　December 9, 2021<br>Time:　　2:00 p.m.<br>Judge:　　Hon. Haywood S. Gilliam, Jr.<br>Location: Courtroom 2<br>　　　　　United States Courthouse<br>　　　　　1301 Clay Street<br>　　　　　Oakland, California |

Pursuant to Federal Rule of Evidence 201, Plaintiff Harold Davis ("Plaintiff") respectfully requests the Court take judicial notice of the following copyright registrations attached to the Declaration of Charles D. Moore in Support of Plaintiff's Motion for Partial Summary Judgment:

    a.    Moore Declaration, Exhibit 23, Copyright Registration Number VA0002007152;

    b.    Moore Declaration, Exhibit 24, Copyright Registration Number VA0002007192;

    c.    Moore Declaration, Exhibit 25, Copyright Registration Number VA0002007194;

    d.    Moore Declaration, Exhibit 26, Copyright Registration Number VA0002007196;

    e.    Moore Declaration, Exhibit 27, Copyright Registration Number VA0002008048;

    f.    Moore Declaration, Exhibit 28, Copyright Registration Number VA0002010611;

    g.    Moore Declaration, Exhibit 29, Copyright Registration Number VA0002010613;

    h.    Moore Declaration, Exhibit 30, Copyright Registration Number VA0002010614; and

    i.    Moore Declaration, Exhibit 31, Copyright Registration Number VAu001298439.

Each document was obtained from the U.S. Copyright Office's Public Catalog on its website at cocatalog.loc.gov. On November 1, 2021, Plaintiff's Counsel searched the Public Catalog for the copyright registration numbers of Plaintiff's works at issue in this case listed in Exhibit A to Second Amended Complaint, ECF No. 56-1 (providing the name, image, and copyright registration number of each work). *See* Moore Decl. ¶¶ 34-42. The documents, of which Plaintiff requests the Court take judicial notice, are the results of those searches.

**I.   ARGUMENT**

"Judicial notice under Rule 201 permits a court to notice of an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)-(2)).

Courts have consistently taken judicial notice of copyright registration records on the grounds that the accuracy cannot reasonably be questioned. In *Oracle America, Inc. v. Hewlett Packard Enterprise Co.*, for example, "HPE request[ed] that the Court take judicial notice of the public catalog

record for fourteen copyright registrations for Sun/Oracle products retrieved from the United States Copyright Office's official catalog website on February 27, 2018." *Oracle Am. Inc.*, No. 16-cv-01393-JST, 2019 WL 10303703, at *4 (N.D. Cal. Feb. 6, 2019), *revd. in part on other grounds*, 823 F.App'x 516 (9th Cir. 2020). The court took judicial notice of the records "because they are 'generated by an official government website[,] such that [their] accuracy is not reasonably in dispute.'" *Id.* (quoting *ATP AC Inc. v. Aptitude Sols., Inc.*, No. CIV. 2:10294 WBS KJM, 2010 WL 1779901, at *3 (E.D. Cal. Apr. 29, 2010) ("judicially noticing 'a copy of the U.S. Copyright Office's web page showing that [plaintiff] registered its . . . software for copyright on January 26, 2010'") (modifications in original).

Similarly, in *Smith v. AMC Networks, Inc.*, the plaintiff sought "judicial notice of Copyright Office Public Catalogue pages for various *Fear the Walking Dead* and *Talking Dead* episodes showing that AMC Film Holdings LLC claims the copyright on those episodes." *See Smith*, No. 18-CV-03803-LHK, 2019 WL 402360, at *4 (N.D. Cal. Jan. 31, 2019). The court granted the request, noting "[t]he Copyright Office Public Catalogue constitutes public records," and quoted favorably the statement from *DuckHole Inc. v. NBC Universal Media* that "[t]he request for judicial notice of Plaintiff's copyright registration is granted as it is common practice for courts to take judicial notice of copyright registrations." *Smith*, 2019 WL 402360, at *4.

Likewise, in *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1063 (C.D. Cal. 2001), the defendants asked the court to take judicial notice of various Certificates of Copyright Registration. The court granted the request, noting "[c]opyright certificates are the type of documents that the court may judicially notice under Rule 201(b)(2)." *Id.*

Following the reasoning in *Warren*, the court in *Lanard Toys Ltd v. Anker Play Products, LLC*, took judicial notice of multiple copyright registrations. *Lanard Toys*, No. CV 19-4350-RSWL-AFMx, 2020 WL 6873647, at *10 (C.D. Cal. Nov. 12, 2020). The same was true in *Swift Harvest USA, LLC v. Boyle International HK Ltd*, where the court *sua sponte* took judicial notice of the copyright registration of the product because it is "readily available from the U.S. Copyright Office's

Public Catalog." *Swift Harvest USA*, No. ED CV 19-1700-DMG (GJSx), 2020 WL 7380148, at *10 (C.D. Cal. Sept. 22, 2020).

   Plaintiff's request is indistinguishable from those made to the courts in *Oracle*, *Smith*, *Warren*, *Lanard Toys*, and *Swift Harvest*. He requests the Court to take judicial notice of the same type of copyright registrations, obtained through the same U.S. Copyright Office's Public Catalog. These documents are from a source whose accuracy cannot be reasonably disputed. As such, the Court can, and respectfully should, take judicial notice of these documents.

Dated: November 4, 2021          **REESE LLP**

                 */s/ Charles D. Moore*
                 Charles D. Moore (admitted *pro hac vice*)
                 100 South 5th Street
                 Ste 1900
                 Minneapolis, MN 55402
                 Tel: 212-643-0500
                 Fax: 212-253-4272
                 Email: *cmoore@reesellp.com*

                 **REESE LLP**
                 Michael R. Reese
                 Sue J. Nam
                 100 West 93rd Street, 16th Floor
                 New York, New York 10025
                 Telephone: (212) 643-0500
                 Email: *mreese@reesellp.com*
                    *snam@reesellp.com*

                 **REESE LLP**
                 George V. Grande
                 8484 Wilshire Boulevard, Suite 515
                 Los Angeles, California 90211
                 Telephone: (310) 393-0070
                 Email: *ggranade@reesellp.com*

                 **THE LAW OFFICE OF DAVID C. DEAL, P.L.C.**
                 David C. Deal (admitted *pro hac vice*)
                 P.O. Box 1042
                 Crozet, Virginia 22932
                 Telephone: (434) 233-2727

                 *Counsel for Plaintiff Harold Davis*