UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>   Plaintiff,<br><br> v.<br><br>PINTEREST, INC.,<br><br>   Defendant. | Case No. 19-cv-07650-HSG (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 127, 131, 137, 140 |

On the last day to move to compel, Pinterest filed two motions. The first was a sweeping motion to compel directed at Harold Davis's claims of infringement. ECF No. 127. The Court is unable to discern why Pinterest filed this motion at the last possible moment. The discovery requests concerning Pinterest's license defense seem like the sort of thing Pinterest would want to move to compel at the beginning of discovery, not at the very end. As for the Pixsy documents and information, in Pinterest's own telling of the story, it should have known it wanted those materials since at least July of this year. The timing of the other motion – for a determination that four particular documents produced by Pixsy are not entitled to work product protection (ECF No. 131) – makes sense because that dispute did not arise until August 30, 2021. Nonetheless, the Court is a little bit skeptical about how much the second motion remains genuinely in dispute, given Davis's own affirmative use of one of those documents in a deposition of a Pinterest witness, which he had to have understood would waive any claim of work product protection.

In any event, both motions made factual assertions that were unsupported by evidence, so the Court requested supplemental briefing. ECF No. 132. The Court has reviewed the supplemental briefing together with some 600+ pages of exhibits (ECF Nos. 133, 134, 137), as well as an unopposed motion by Pinterest for leave to file further supplemental evidence (ECF No.

140).  The Court held a hearing on November 8, 2021 and now issues this order.

**A.  Motion to Compel**

    **1.  Timeliness**

In ECF No. 63, Judge Gilliam issued a scheduling order that provided that July 2, 2021 was the close of fact discovery, except that "Defendant may pursue discovery regarding the identified alleged infringements through September 3, 2021."  In ECF No. 90, Judge Gilliam issued another order stating "PURSUANT TO STIPULATION, the July 2, 2021 deadline to complete fact discovery is HEREBY EXTENDED to August 6, 2021 solely for purposes of taking depositions.  All other dates and deadlines set forth in the Court's Scheduling Order (ECF No. 63), including the July 2, 2021 deadline to complete written discovery, remain in effect."

Davis argues that ECF No. 90 had the effect of ending *all* written discovery as of July 2, including written discovery about alleged infringements.  On this theory, Pinterest's motion to compel was due by July 9 and is therefore untimely.  However, the Court disagrees.  The Court interprets ECF No. 90 as changing the general close of fact discovery from July 2 to August 6 for purposes of depositions and leaving every other deadline in ECF No. 63 intact.  Thus, the deadline for Pinterest to pursue discovery regarding the identified alleged infringements remained September 3, 2021.  The Court also thinks that discovery "regarding" the alleged infringements includes defenses to those allegations and discovery about the damages caused by the alleged infringements and therefore embraces all of the subjects in Pinterest's present motion to compel.  Accordingly, Pinterest's motion is timely.

However, as noted above, even though the rules permit it, that does not mean it is a good idea to wait until the last possible moment to move to compel on a broad swath of documents and information.  That type of poor planning can limit the usefulness of any discovery that is obtained, for example, in depositions, in expert reports, or on a summary judgment motion.

    **2.  Merits**

Interrogatory ("rog") No. 4 asked "For each Work In Suit, identify by date, person, and agreement every occasion on which any other person has been licensed or authorized to copy, display, or distribute the work (or otherwise exercise any of the rights under Section 106 of the

2

1   Copyright Act with respect to the work)." Rog 5 asked "In each case in which You have
2   authorized anyone to grant licenses to any Work In Suit, describe the license, including the person
3   authorized, the work(s) covered by the authorization, the right(s) covered by the authorization, and
4   the term of the authorization." Davis objected to both rogs on overbreadth and burden grounds,
5   then said there is no one authorized to display his works in suit on Pinterest's website. His
6   responses also cited some documents in a Rule 33(d) reference.

7         At the hearing, Pinterest clarified two things about rog 4. First, the rog does not ask for
8   every image of Davis's works on the internet that was authorized. Rather, it seeks the
9   identification of the acts that did the authorizing. That could be a contract that Davis entered into.
10  Or, if Davis entered into a series of agreements with various websites that allowed them and their
11  users to display his works (and Pinterest thinks this is the case), it could be both those agreements
12  and the subsequent posting of images of his works on those websites that provided the
13  authorization for users to further post or copy them elsewhere. Second, a useful answer to
14  Pinterest is for Davis to answer as much of this rog as he is able to and then describe what
15  information he cannot provide. For example, if Davis entered into an agreement that allowed a
16  website to display his works in suit and to authorize others to display his works in suit, he could
17  identify that agreement and then state what information he has or does not have about what further
18  authorization that website provided to others. In Pinterest's view, the agreement may be relevant
19  to a license defense, and Davis's lack of knowledge concerning further acts of authorization may
20  be relevant to damages (on the theory that Davis does not know or bother to track who all is
21  authorized to display his works). The Court had initially feared that rog 4 was impossible for
22  Davis to answer, but it seems that is the point. It is a legitimate tactic in discovery to ask your
23  opponent for information you're pretty sure they don't have, if you are content with an answer
24  saying that. Accordingly, the Court orders Davis to answer rog 4 to the best of his ability and to
25  state what portions of rog 4 he lacks sufficient information to answer.

26        Rog 5 is not overbroad and there is no reason why Davis should not be able to answer it.
27  In fact, Davis maintains has answered it, but Pinterest has provided evidence that Davis's answer
28  is incomplete. Accordingly, the Court orders Davis to provide a complete answer to rog 5.

3

With respect to RFPs 3-5 and 12-13, Davis's responses stated that he would produce the requested information. However, Pinterest has submitted evidence that raises substantial doubt that he has done so. The Court does not see that any of those RFPs are burdensome because Davis is one person, and the RFPs seek documents that are in his possession, custody or control. Accordingly, the Court orders Davis to conduct another search of his documents and to produce the non-privileged ones that are responsive to these RFPs.

Rog 8 asks "Describe in detail each occasion on which each Work In Suit has been uploaded by You or with Your authorization to a website for online purchase, distribution, or viewing, including but not limited to the name of the website, the location (URL) of the uploaded content, the identity of uploader, and the date of the upload." This rog seeks an internet-wide search of every instance in which Davis's works in suit have been uploaded with his authorization. That might seem like a crazy request, but it turns out that Davis has hired a company called Pixsy to perform internet-wide searches for his works in suit and to determine where the images came from. In any event, as with rog 4, a useful answer to Pinterest would be for Davis to answer rog 8 as much as he can and then to explain why he can't answer all of the rog. Pinterest maintains that a statement by Davis that he is not able to identify all of the images of his works in suit that have been uploaded by him or with his authorization is relevant to a license defense and to damages. Fair enough. Accordingly, the Court orders Davis to answer rog 8 to the best of his ability and to state what information sought by rog 8 he is not able to provide.

For RFPs 15 and 32, below the Court addresses the four specific Pixsy documents that are the subject of the work product dispute. Aside from those four, Pinterest appears to be moving to compel the universe of Pixsy documents and information and communications with Pixsy that are within Davis's possession or access, over Davis's claim of work product protection.[1] The Court finds this problematic, for two reasons. First, in general, a motion to compel aimed at a claim of privilege or work product should be directed to specific documents, rather than categories or concepts. That's why Rule 26 requires a privilege log. This is especially true for a claim of work

---

[1] RFP 32 is not limited to Pixsy, but in the letter brief the only third party Pinterest identifies is Pixsy.

1   product protection, where the content of the document is usually determinative.  Second, the Court
2   has reviewed the Pixsy documents the parties have submitted.  Based on that review, the Court
3   would want to see a document-by-document privilege log to understand the basis for a work
4   product claim.  It is possible that after seeing the log, the Court would also want to perform an *in*
5   *camera* review of certain documents before the Court would be comfortable ordering their
6   production.
7          On the other hand, the burden of establishing work product protection rests on the party
8   seeking that protection.  One required step in asserting a claim of work product protection is to
9   serve a privilege log pursuant to Rule 26(b)(5)(A)(ii).  Here, Davis hasn't done that.  As a result,
10  Pinterest not only does not know which documents Davis is withholding and why they are work
11  product, it also doesn't know how many.  When Davis's counsel attempted to explain during the
12  hearing the basis for the work product claim, he supplied one that would also have applied to all of
13  the Pixsy documents and communications that Davis *did* produce (and is not seeking to claw
14  back), leaving the work product claim somewhat difficult to understand.  Accordingly, for RFPs
15  15 and 32, the Court orders Davis to produce a privilege log of the Pixsy documents and
16  communications he is withholding based on work product.
17         The Court realizes this relief may not amount to much, as the deadline to move to compel
18  has expired, but this is an example of why it is not a good idea to wait until the last day to move to
19  compel to file an important motion:  Some discovery disputes proceed in stages, i.e., you need to
20  win the first motion before you can bring the second one.  That is often the case with disputes over
21  claims of privilege, which typically have to be decided on a document-by-document basis, and
22  thus often trail disputes over logging.  The Court is not going to let Davis defeat a motion to
23  compel just by speaking the words "work product" – he's got to put some work into that claim of
24  work product and produce a privilege log.  But since the deadline to file motions to compel has
25  passed, it may be there's not much Pinterest can do with that log when it gets it.
26         RFP 43 requested "[a]ll settlement agreements You have entered into regarding alleged
27  infringements of Your photographs."  Davis's only stated objection – that the term "settlement
28  agreements" was undefined – is frivolous.  His response goes on to state that he will produce non-

1  confidential settlement agreements, but since there is a protective order in this case, there is no
2  basis to withhold the confidential ones.  Pinterest has made an evidentiary showing that Davis has
3  not produced all responsive agreements, and Davis does not disagree.  The Court orders Davis to
4  produce those that are within his possession, custody or control.

5        Accordingly, Pinterest's motion to compel is granted in part and denied in part as stated
6  above.  All discovery that Davis must provide as a result of this order must be provided within 21
7  days of this order.  The Court chooses this deadline because at the hearing Davis said he could
8  comply with it.

### B.  Work Product Claim

Davis has asserted a work product claim over four documents produced by Pixsy in response to a subpoena by Pinterest:  Pixsy 221-222, Pixsy 223-227, Pixsy 228 and Pixsy 229. However, during his August 19, 2021 deposition, Davis gave extensive testimony about all four exhibits.  *See* ECF No. 137-3 at 215-40 & 293-302.  "[V]oluntarily testifying regarding protected information waives any claim to work product." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 U.S. Dist. LEXIS 87323, *9 (D. Nev. July 5, 2016); *see also Carrasco v. Campagna*, 2007 U.S. Dist. LEXIS 97993, *9-10 (N.D. Cal. Jan. 9, 2007) (work product protection waived where witnesses provided deposition testimony about allegedly protected materials absent objection). Further, in a September 29, 2021 deposition of Pinterest, Davis's counsel questioned the witness about Pixsy 229, *see* ECF No. 140-1, which was a further waiver of work product protection as to that document.  *See San Francisco BART Dist. v. Spencer*, 2006 U.S. Dist. LEXIS 81679, *4 (N.D. Cal. Oct. 23, 2006) ("By using his copy as a *de facto* deposition exhibit, [counsel] waived any attorney-client or work product privilege that may have protected the document."); *Meoli v. Am. Med. Serv. of San Diego*, 287 B.R. 808, 817 (S.D. Cal. Jan. 9, 2003) ("Voluntary disclosure of attorney work product to an adversary in the litigation defeats the policy underlying the privilege.").

Davis responds that Pixsy produced the documents, not him, and that paragraph 12 of the protective order (ECF No. 70) provides that the production of work-product protected material does not waive the protection.  However, that ignores the relevant issue.  The mere production of

these documents is not what gave rise to the waiver.  The waiver comes from Davis's extensive testimony about these documents without any assertion of work product protection during his deposition, and then for one of the documents the use of it by Davis's own counsel to depose a Pinterest witness.

Accordingly, the Court finds that Davis has waived any claim of work product protection over these four documents.[2]

**IT IS SO ORDERED.**

Dated: November 8, 2021

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] Pinterest's unopposed motion to file supplemental evidence (ECF No. 140) is granted.

7