UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>   Plaintiff,<br><br> v.<br><br>PINTEREST, INC.,<br><br>   Defendant. | Case No. 19-cv-07650-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 149, 154, 158, 172, 177, 190 |

Pending before the Court are the parties' administrative motions to file under seal portions of documents submitted in connection with the parties' motions for summary judgment and motions in limine. *See* Dkt. Nos. 149, 154, 158, 172, 177, 190. For the reasons detailed below, the Court **DENIES** Dkt. Nos. 177, 190; and **GRANTS IN PART** and **DENIES IN PART** Dkt. Nos. 149, 154, 158, 172.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

As indicated in the table below, the only proffered justification for sealing many of the

1  documents is that Defendant or third parties designated information as "confidential." But a
2  designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L.
3  R. 79-5(c). "Confidential" is merely the parties' initial designation of confidentiality to establish
4  coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics,*
5  *Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause
6  'cannot be established simply by showing that the document is subject to a protective order or by
7  stating in general terms that the material is considered to be confidential'") (quoting *Bain v.*
8  *AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, in
9  many instances the designating party for the materials did not comply with Civil Local Rule 79-
10 5(f)(3), because they did not file a declaration within seven days of the motion. The Court
11 therefore finds that sealing is not warranted as to those documents.

However, some documents contain proprietary information about Pinterest's repeat infringer and takedown policies under the Digital Millennium Copyright Act, which could lead to third-party abuse or competitive harm if disclosed publicly. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020); *Bohannon v. Facebook, Inc.*, No. 12-CV-01894-BLF, 2019 WL 188671, at *5–6 (N.D. Cal. Jan. 14, 2019). Other documents contain personal identifiable information, including phone numbers and email addresses, for Pinterest employees and third parties. Such information could harm these individuals' privacy interests, and the disclosure of this information is unnecessary for the public's understanding of this litigation.

| Docket No. Public /(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 149 – GRANTED IN PART AND DENIED IN PART** | | | |
| Dkt. No. 155/ (149-5) | Declaration of Henry Lien in Support of Pinterest's Motion for Summary Judgment | Excerpts | **GRANTED.** The excerpts contain confidential details about Pinterest's repeat infringer policy. *See* Dkt. No. 149-1. |
| Dkt. No. 155-6/ (149-7) | Exhibit 6 to the Declaration of Henry Lien | Excerpts | **GRANTED.** The excerpts contain |

3

| | | | |
|---|---|---|---|
| | in Support of Pinterest's Motion for Summary Judgment | | confidential details about Pinterest's repeat infringer policy. *See* Dkt. No. 149-1. |
| Dkt. No. 155-7/ (149-9) | Exhibit 7 to the Declaration of Henry Lien in Support of Pinterest's Motion for Summary Judgment | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 169. |
| Dkt. No. 155-8/ (149-11) | Exhibit 8 to the Declaration of Henry Lien in Support of Pinterest's Motion for Summary Judgment | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 169. |
| Dkt. No. 155-9/ (149-13) | Exhibit 9 to the Declaration of Henry Lien in Support of Pinterest's Motion for Summary Judgment | Excerpts | **GRANTED.** The excerpts contain personal identifiable information. *See* Dkt. No. 149-1. |
| Dkt. No. 155-10/ (149-15) | Exhibit 10 to the Declaration of Henry Lien in Support of Pinterest's Motion for Summary Judgment | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 169. |
| Dkt. No. 155-11/ (149-17) | Exhibit 11 to the Declaration of Henry Lien in Support of Pinterest's Motion for Summary Judgment | Excerpts | **GRANTED.** The excerpts contain personal identifiable information. *See* Dkt. No. 149-1. |
| Dkt. No. 153-13/ (149-19) | Exhibit M to the Declaration of Thomas R. Wakefield in Support of Pinterest's Motion for Summary Judgment | Excerpts | **GRANTED.** The excerpts contain personal identifiable information. *See* Dkt. No. 149-1. |
| **Dkt. No. 154 – GRANTED IN PART AND DENIED IN PART** | | | |
| Dkt. No. 160/ (154-3) | Plaintiff's Motion for Partial Summary Judgment | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-1/ (154-5) | Declaration of Charles D. Moore in Support of the Motion | Excerpts | **DENIED.** Designating party stated that there is |

4

| | | | |
|---|---|---|---|
| | | | no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-3/ (154-7) | Exhibit 2 in Support of Motion | Entire Document | **GRANTED IN PART and DENIED IN PART.** The following excerpts contain personal identifiable information:<br>- p. 81:7–13<br>*See* Dkt. No. 170. |
| Dkt. No. 160-4/ (154-9) | Exhibit 3 in Support of Motion | Entire Document | **GRANTED IN PART and DENIED IN PART.** The following excerpts contain personal identifiable information:<br>- p. 17:25<br>*See* Dkt. No. 170. |
| Dkt. No. 160-5/ (154-11) | Exhibit 4 in Support of Motion | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-6/ (154-13) | Exhibit 5 in Support of Motion | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-7/ (154-7) | Exhibit 6 in Support of Motion | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-8/ (154-5) | Exhibit 7 in Support of Motion | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |

5

|  | | | |
|---|---|---|---|
| **Dkt. No. 158 – GRANTED IN PART AND DENIED IN PART** | | | |
| Dkt. No. 160-13/ (158-2) | Exhibit 12 in Support of Motion | Entire Document | **GRANTED.** The document contains confidential and proprietary information about Pinterest's notification system. *See* Dkt. No. 170. |
| Dkt. No. 160-17/ (158-4) | Exhibit 16 in Support of Motion | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-18/ (158-6) | Exhibit 17 in Support of Motion | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-19/ (158-8) | Exhibit 18 in Support of Motion | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-20/ (158-10) | Exhibit 19 in Support of Motion | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 170. |
| Dkt. No. 160-22/ (158-12) | Exhibit 21 in Support of Motion | Entire Document | **GRANTED.** The document contains confidential and proprietary training information and details about Pinterest's DMCA policies. *See* Dkt. No. 170. |
| **Dkt. No. 172 – GRANTED IN PART AND DENIED IN PART** | | | |
| Dkt. No. 171/ (172-3) | Plaintiff's Opposition to Pinterest's Motion for Summary Judgment | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* |

| | | | |
|---|---|---|---|
| | | | Dkt. No. 175. |
| Dkt. No. 171/ (172-5) | Declaration of Charles D. Moore in Support of the Opposition | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials.  *See* Dkt. No. 175. |
| Dkt. No. 171/ (172-6) | Exhibit D in Support of the Opposition | Entire Document | **GRANTED IN PART and DENIED IN PART.**  The following excerpts contain personal identifiable information: PINTEREST - 0002573, PINTEREST - 0002574, PINTEREST - 0002600, PINTEREST - 0002604 and PINTEREST - 0002607. *See* Dkt. No. 175. The following excerpts contain Pinterest's proprietary methodology for its machine learning algorithms: PINTEREST - 0002603 and PINTEREST – 0002607. *See* Dkt. No. 175. |
| **Dkt. No. 177 – DENIED** | | | |
| Dkt. No. 176/ (177-3) | Plaintiff's Reply in Support of His Motion for Partial Summary Judgment | Excerpts | **DENIED.** Designating party stated that there is no reason to seal |

Case 4:19-cv-07650-HSG   Document 222   Filed 09/26/22   Page 8 of 9

|  |  |  | these materials. *See* Dkt. No. 179. |
|---|---|---|---|
| Dkt. No. 176-1/ (177-5) | Declaration of Charles D. Moore in Support of the Reply | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 179. |
| Dkt. No. 176-1/ (177-6) | Exhibit B in Support of the Reply | Entire Document | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 179. |
| **Dkt. No. 190 – DENIED** | | | |
| Dkt. No. 189/ (190-3) | Plaintiff's Motion in Limine No. 2 | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 193. |
| Dkt. No. 189-1/ (190-5) | Declaration of Charles D. Moore in Support of Motion in Limine No. 2 | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 193. |
| Dkt. No. 189-2/ (190-7) | Proposed Order in Support of Motion in Limine No. 2 | Excerpts | **DENIED.** Designating party stated that there is no reason to seal these materials. *See* Dkt. No. 193. |

//
//
//
//
//
//
//
//
//

8

**III. CONCLUSION**

The Court **DENIES** Dkt. Nos. 177, 190; and **GRANTS IN PART** and **DENIES IN PART** Dkt. Nos. 149, 154, 158, 172. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied, as indicated in the chart above, within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: 9/26/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge