**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD DAVIS,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>PINTEREST, INC.,<br><br>          Defendant-Appellee. | No.   22-15804<br><br>D.C. No. 4:19-cv-07650-HSG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted August 24, 2023
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Plaintiff Harold Davis appeals the district court's grant of summary judgment in favor of Defendant Pinterest, Inc. on his action alleging copyright infringement. We affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review orders granting motions for summary judgment de novo. *UMG Recordings, Inc. v. Shelter Cap.*

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). We review orders imposing sanctions for an abuse of discretion. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

    1.    The district court did not abuse its discretion by refusing to consider undisclosed and untimely allegations of infringement. Federal Rule of Civil Procedure 16(f)(1)(C) authorizes a district court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(ii) provides that a court may prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Because Mr. Davis violated, and did not seek relief from, the scheduling order, the district court did not abuse its discretion by enforcing it. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 'control[s] the subsequent course of the action' unless modified by the court." (quoting Fed. R. Civ. P. 16(e))). Because the district court's order prevented Mr. Davis from alleging new claims, it did not amount to dismissal of Mr. Davis's existing claims and the district court was not required to identify willfulness, fault, or bad faith. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

2. Mr. Davis's copyright claim fails because Pinterest established that it is entitled to safe harbor protection under the Digital Millennium Copyright Act § 512(c). 17 U.S.C. § 512(c). Section 512(c) limits service providers' liability for infringement "by reason of the storage at the direction of a user." *Id.* § 512(c)(1). Mr. Davis's claim is for alleged infringement "by reason of the storage at the direction of a user" because Pinterest's content is uploaded entirely at the volition of the user, and Pinterest does not exercise judgment in what to host. *See UMG Recordings*, 718 F.3d at 1020. There is no genuine issue of material fact that Pinterest's algorithms and other processes for displaying content alter user-uploaded content to facilitate access. *See Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 606 (9th Cir. 2018) ("Infringing material is stored at the direction of the user if the service provider played no role in making that infringing material accessible on its site or if the service provider carried out activities that were 'narrowly directed' towards enhancing the accessibility of the posts." (quoting *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045, 1056 (9th Cir. 2017))). Because Mr. Davis does not dispute the other elements of the safe harbor, his claim is thus precluded by Section 512(c).

**AFFIRMED.**