UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>PINTEREST, INC.,<br><br>    Defendant. | Case No. 19-cv-07650-HSG<br><br>**ORDER GRANTING MOTION TO STRIKE BILL OF COSTS AND MOTION TO SEAL**<br><br>Re: Dkt. Nos. 231, 232 |

Pending before the Court is Plaintiff Harold Davis's motion to strike the bill of costs. Dkt. No. 231. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

### I.  MOTION TO STRIKE

In May 2022, the Court granted Defendant Pinterest Inc.'s motion for summary judgment and denied Plaintiff's motion for summary judgment. *See* Dkt. No. 211. Shortly thereafter, Defendant filed a bill of costs for $27,812.09 pursuant to Rule 54(d). *See* Dkt. No. 215. The Ninth Circuit recently affirmed the grant of summary judgment in Defendant's favor. *See* Dkt. Nos. 229, 230. And Plaintiff now moves to strike Defendant's bill of costs. Dkt. No. 231.

Federal Rule of Civil Procedure 54(d) creates a "presumption for awarding costs to the prevailing party." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016); *see also* Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). However, a district court may exercise its discretion to deny costs. *See Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). In such instances, a district court "must specify reasons

for its refusal to award costs." *Id.* (quotations omitted).  Appropriate reasons for denying costs include, but are not limited to:  (1) the losing party's limited financial resources; (2) economic disparity between the parties; (3) the chilling effect on future similar actions; (4) the closeness and difficulty of the issues in the case; (5) the partial or nominal recovery of the prevailing party; and (6) the substantial public importance of the case.  *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014); *see also Champion Produce, Inc. v Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

        Here, the Court finds that the circumstances of this case warrant denying an award of costs, including the significant economic disparity between the parties, Plaintiff's limited financial resources, and the chilling effect on future litigation.  Paying the bill of costs would cause significant hardship to Plaintiff, an individual, whereas Defendant is a public company with billions of dollars in revenue.[1]  Defendant does not substantively dispute this, *see* Dkt. No. 233 at 8–9, but instead asserts that "Plaintiff and his contingency counsel should never have filed" this case, *id.* at 1.  Although the Court—and the Ninth Circuit—ultimately concluded that Defendant should prevail on summary judgment, the Court does not find the case so wholly frivolous that the bill of costs is properly wielded as a sword to punish Plaintiff or deter future copyright claims against Pinterest.  To the contrary, the "chilling effect" on future actions is a factor that may weigh in favor of denying costs.  The Court has some concerns about Defendant's motives in this regard.  In its opposition, for example, Defendant notes that "[Plaintiff's counsel continues to pursue a virtually identical action against Pinterest (which mentions Plaintiff by name) on behalf of another client in this District."  *See* Dkt. No. 233 at 7; *see also id.* at 2 (asserting that "Plaintiff's counsel litigated in a manner that imposed undue burden and expense on Pinterest"); *id.* at 3 (explaining that "in light of Plaintiff's litigation conduct" Defendant would have "compelling grounds for a recovery of attorney's fees").  Given the totality of the circumstances here, the Court declines the apparent invitation to impose costs as some sort of warning to current or future litigants.

---

[1] To the extent Defendant urges that Plaintiff had to provide more information about his economic circumstances, the Court simply disagrees.  Plaintiff has made an adequate showing of his limited resources and the hardship paying these costs would place on him and his family.

1    Having weighed the relevant *Escriba* factors, the Court finds compelling reasons to
2 exercise its discretion to deny costs. As such, the Court **GRANTS** Plaintiff's motion, and denies
3 Defendant's request for costs in its entirety.

**II.    MOTION TO SEAL**

As part of Plaintiff's motion, he also filed an administrative motion to seal his 2022 tax returns that were attached as Exhibit 1 to the Declaration of Harold Davis in Support of Plaintiff's Motion to Strike Defendant Pinterest, Inc.'s Bill of Costs. Dkt. No. 23-15, Ex. 1.

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Here, the Court applies the lower good cause standard, and finds that Plaintiff's tax returns contain highly sensitive and personally identifiable information, including Plaintiff's income. *Cf.* 26 U.S.C. § 6013(a) (providing that federal tax "returns and return information shall be confidential."). The details in the tax returns are also unnecessary to the public's understanding of this case, as they were attached only as evidence of Plaintiff's financial circumstances in support of his motion to strike the bill of costs.

//
//
//

Accordingly, because the exhibit divulges sensitive information unrelated to the public's understanding of the judicial proceedings in this action, the Court finds that there is good cause to file the exhibit under seal and **GRANTS** the motion. Dkt. No. 232.

## III.  CONCLUSION

The Court **GRANTS** the motion to strike the bill of costs, Dkt. No. 231, and **GRANTS** the administrative motion to file under seal, Dkt. No. 232. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated:   12/20/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge