DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
THOMAS R. WAKEFIELD, SBN 330121
Email: twakefield@wsgr.com
ANDREW KRAMER, SBN 321574
Email: akramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300

*Counsel for Defendant*
PINTEREST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HAROLD DAVIS, | CASE NO.:  4:19-cv-07650-HSG |
| Plaintiff, | **DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| PINTEREST, INC., | Honorable Haywood S. Gilliam, Jr. |
| Defendant. | |

**ADMINISTRATIVE MOTION**

As required by Civil Local Rules 3-12 and 7-11, Defendant Pinterest, Inc. ("Pinterest") submits this Administrative Motion to consider whether *Harrington v. Pinterest, Inc.*, Case No. 5:20-cv-05290-EJD ("*Harrington*"), filed in this District on July 31, 2020, should be related to the above-captioned case, *Davis v. Pinterest, Inc.*, Case No. 4:19-cv-07650-HSG ("*Davis*"), filed in this District on November 20, 2019. The Third Amended Complaint filed in *Harrington* adds Harold Davis, the plaintiff in *Davis*, as an additional plaintiff in *Harrington*. As a result, the *Harrington* and *Davis* actions are now related under Civil Local Rule 3-12(a). Indeed, *Harrington* now involves an identical plaintiff and the identical defendant as the *Davis* action, and it features the same instance of alleged copyright infringement of the same copyrighted work that Mr. Davis asserted in the *Davis* action before this Court.

**BACKGROUND**

**I.     The *Davis* Action**

Mr. Davis filed this copyright action over four years ago. His original and amended complaints focused on the alleged infringement of his photos in notification messages that Pinterest sends to users. *Davis*, ECF No. 1 (original complaint); *Davis*, ECF No. 23, First Amended Complaint ("FAC"). In particular, he alleged that by virtue of sending a notification message including a link to his copyrighted photo "Flower of Spring's Desire," Pinterest infringed his copyright in that work. *Davis*, ECF No. 23, FAC ¶¶ 117-119, 261 & Exs. 61, 148. The Court granted Pinterest's motion to dismiss the FAC in part, and granted leave to amend instructing that "Plaintiff may not add any additional defendants or new claims." *Davis*, ECF No. 39 at 5.

Despite the Court's admonition, Mr. Davis sought leave to file a Proposed Second Amended Complaint ("PSAC") adding class allegations to this case along with a claim for improper removal of copyright management information ("CMI"). *Davis*, ECF No. 41. That same day, Mr. Davis' counsel also initiated the separate *Harrington* action, which was styled as a class action and asserted a CMI claim. *Harrington*, ECF No. 1. Swaths of Mr. Harrington's

1  complaint were lifted word-for-word from Mr. Davis' PSAC, and each plaintiff's complaint

2  contained detailed allegations about the other plaintiff.

3  Given the factual overlap, Mr. Davis filed an uncontested Administrative Motion on

4  August 6, 2020 to consider whether the *Davis* and *Harrington* actions should be related. *Davis*,

5  ECF No. 42. At a Case Management Conference ("CMC") on August 25, 2020, the Court

6  discussed Mr. Davis' Administrative Motion; it "expressed concern with Plaintiff's apparent

7  gamesmanship: filing a new, expanded action in this district, then seeking to relate the two cases,

8  which could circumvent the Court's prior order not to add additional defendants or causes of

9  action." *Davis*, ECF No. 55 at 2; *see also Davis*, ECF No. 47. Mr. Davis accordingly dropped

10  references to Mr. Harrington, but persisted in seeking leave to file a CMI claim, which this Court

11  denied. *Davis*, ECF No. 55 at 3-4. Thereafter, with different plaintiffs in the two cases, and the

12  CMI claim in only one, the Court concluded that the *Harrington* case was not related to *Davis*,

13  and the two actions proceeded separately—*Davis* before this Court, and *Harrington* before Judge

14  Davila. *See id.* at 4.

15  On May 3, 2022, this Court granted summary judgment to Pinterest in *Davis*. *See Davis*

16  *v. Pinterest, Inc.*, 601 F. Supp. 3d 514, 536 (N.D. Cal. 2022). The Court found that the safe

17  harbor provided by the Digital Millennium Copyright Act ("DMCA") shielded Pinterest's

18  service from liability. *Id.* at 534.[1] The Ninth Circuit affirmed the judgment in Pinterest's favor.

19  *Davis*, ECF No. 229.

20  **II.      The *Harrington* Action**

21  Meanwhile, in *Harrington*, the plaintiff abandoned his contributory-infringement claim

22  and Judge Davila twice dismissed his CMI claim with leave to amend. *Harrington*, ECF Nos. 40,

23  73. Given what remained of his case, and his counsel's role in *Davis*, Mr. Harrington and

24  Pinterest stipulated to a stay of *Harrington* pending this Court's summary judgment ruling in

25  *Davis* and later the Ninth Circuit appeal. *Harrington*, ECF Nos. 66, 71.

26

27  [1] At summary judgment, the Court rejected Mr. Davis' belated attempt to assert instances of alleged infringement based on Pinterest notifications, which he failed to identify by a Court-ordered deadline, noting that Mr. Davis had long been on notice of the deadline and "ignored [it]

28  at his own hazard." *Davis*, 601 F. Supp. 3d at 527.

1   After the Ninth Circuit affirmed summary judgment in Pinterest's favor, the *Harrington*

2   case resumed. On December 21, 2023, Mr. Harrington moved for leave to amend to file a

3   proposed Third Amended Complaint ("PTAC"). *Harrington*, ECF No. 82. Mr. Harrington sought

4   to: (i) join Mr. Davis—whose lawsuit against Pinterest had just been resolved—as a named

5   plaintiff; and (ii) assert a single claim for direct infringement on behalf of a putative class whose

6   photos were allegedly infringed via Pinterest notification messages. *Id.* Mr. Harrington's PTAC

7   brought things full circle: by joining Mr. Davis and focusing on Pinterest notifications, the

8   *Harrington* case was now a reprise of Mr. Davis' complaint in this action. The PTAC in

9   *Harrington* identified only one instance of alleged infringement of Mr. Davis' works—and that

10  ***exact*** instance of alleged infringement was included in Mr. Davis' operative complaint in this

11  action. *Compare Davis*, ECF No. 56, Second Amended Complaint ("SAC") ¶ 38, Image 6

12  (image of email notification dated June 5, 2020 allegedly including Mr. Davis' work "Flowers of

13  Spring Desire"), *with Harrington*, ECF No. 88, Third Amended Complaint ("TAC") ¶ 32, Image

14  2 (exact same image).

15  Pinterest opposed Mr. Harrington's motion for leave to amend, arguing, *inter alia*, that

16  *res judicata* barred the joinder of Mr. Davis to litigate his direct-infringement claim based on

17  Pinterest's notifications. *Harrington*, ECF No. 84 at 7-10. On February 28, 2024, Judge Davila,

18  however, concluded that amendment was not futile, because this Court had addressed Mr. Davis'

19  notifications theory in *dicta* and, thus, the theory was not the subject of a final judgment on the

20  merits. *Harrington*, ECF No. 87 at 4-5. On March 4, 2024, Mr. Harrington filed the TAC,

21  thereby adding Mr. Davis as a named plaintiff. *Harrington*, ECF No. 88.[2]

22  ## ARGUMENT

23  Under Civil L.R. 3-12(b), "[w]henever a party knows or learns that an action" is related

24  to another action "which is or was pending in this District," the party "must promptly file in the

---

[2] Counsel for Pinterest met and conferred with counsel for Mr. Davis and Mr. Harrington on March 18, 2024 regarding this Administrative Motion. Wakefield Decl. ISO Admin. Mot. ¶ 3. The parties disagreed on whether Civil Local Rule 3-12(a)'s criteria are met. *Id.* Pinterest's counsel explained that, because Mr. Davis is now a party to *Harrington* alleging the same claim that he did in his own action, the question of relatedness was quite different from when Mr. Davis' motion to relate was decided years earlier. *Id.*

lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Civil L.R. 3-12(a) states that an action is related to another when: (1) "The actions concern substantially the same parties, property, transaction, or event"; and (2) "It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both elements are manifest here.

**First**, both the *Harrington* action and this action now include the same parties (Mr. Davis as a plaintiff and Pinterest as the defendant), concern the same property (Mr. Davis' copyrighted work "Flowers of Spring's Desire"), and arise from the same event (the alleged infringement of that work in a Pinterest notification message dated June 5, 2020). *Compare Davis*, ECF No. 56, SAC ¶ 38, Image 6, *with Harrington*, ECF No. 88, TAC ¶ 32, Image 2. They also involve the same cause of action (direct copyright infringement) and the same primary defense (the DMCA safe harbor). While this Court originally determined that the two cases were not related upon Mr. Davis' Administrative Motion to relate them, *Davis*, ECF No. 42, that was before Mr. Davis joined the *Harrington* action and asserted the same claim in *Harrington* as he had in *Davis*.[3]

**Second**, having presided over the *Davis* action for years, this Court is already steeped in the facts and theories at issue, including the idiosyncratic nature of Mr. Davis' copyright claim and the nature of Pinterest's notification messages. Indeed, Mr. Davis' operative complaint included a notification message, and the parties squarely litigated Mr. Davis' notification theory throughout the case and through summary judgment. *See Davis*, 601 F. Supp. 3d at 527. The Court addressed that theory in its Order, explaining that notification messages do not contain actual copies of images but, instead, "*hyperlinks* to images on Pinterest's website and mobile application." *Id.* It further observed that Mr. Davis' theory of infringement based on notifications "collapse[d] into" his arguments about Pinterest's service generally, and was barred by the Digital Millennium Copyright Act. *Id.* The Ninth Circuit affirmed this Court's Order in full.

---

[3] Although it is an issue for a later day, Pinterest believes that *res judicata* will ultimately bar Mr. Davis' attempt to relitigate his direct-infringement claim based on Pinterest's notification messages because, as this Court knows, Mr. Davis was free to litigate that claim in his own case, ignored the Court-ordered claims deadline in that case, and nevertheless pressed the claim through summary judgment. *Davis*, 601 F. Supp. 3d at 527.

1    *Davis v. Pinterest, Inc.*, No. 22-15804, 2023 WL 5695992 (9th Cir. Sept. 5, 2023). It would be

2    duplicative and needlessly burdensome for Judge Davila to become similarly acquainted with

3    this dispute, including issues previously considered by this Court.

4                                          **CONCLUSION**

5          For the foregoing reasons, Pinterest respectfully requests that the Court consider whether

6    the above-referenced actions should be related.

7

8

9    Dated:  March 19, 2024                 WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation
10

11
                                           By: */s/ Thomas R. Wakefield*
12                                              Thomas R. Wakefield

13                                         Attorneys for Defendant
                                           PINTEREST, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28